In the Matter of the Adoption of HARLEY HOWARD MUNZEL, a Minor of the Age of Five Years, by WALTER LESTER BRANCH.

County Court, Niagara County, September 22, 1936.

*Mortimer A. Federspiel*, for the petitioner, Walter Lester Branch.

*Paul H. Seaman*, for the contestant, Roy Munzel.

GOLD, J.   This is a proceeding commenced for the purpose of the adoption of Harley Howard Munzel, an infant of the age of five years, by Walter Lester Branch.

Said infant is a son of Roy Munzel and Dora Branch, formerly Munzel, the latter being the present wife of the petitioner.   She has executed a consent to the adoption of the infant by the petitioner.

Said Roy Munzel and his former wife were married on the 28th day of June, 1930, and the infant was born on the 8th day of August, 1931.   On the 28th day of October, 1932, said Dora Branch, then Munzel, obtained a divorce from said Roy Munzel in this State and the custody of the child was awarded to the wife, with the privilege to the defendant of visiting the child.   He has never visited the child since the divorce was granted.

On June 18, 1934, said Dora Munzel was married to the petitioner, Walter Lester Branch, and they have continued to reside together since their marriage, during all of which time the petitioner has provided for, supported and maintained the child.

The father of said child has never contributed anything to his support, except on two occasions when he was brought into Children's Court in a proceeding commenced to compel him to support the child. He was ordered to pay three dollars a week on one occasion and paid six dollars. On a subsequent occasion, he was brought into court and again directed to pay three dollars a week, and paid only three dollars. The above amounts represent all that he has paid for the support of the child since he and his wife were divorced. The evidence shows that he never sent the child a present or did anything for him and that he did not even send a Christmas card to him at any time.

The contestant admits that the boy has had a good home since his former wife married the petitioner and the boy himself knows no other father but the petitioner. During the course of the trial the father would not promise to support the child, even in the future.

I must, therefore, hold that the contestant abandoned the child.

" The term ' abandonment ' means neglect and refusal to perform the natural and legal obligations of care and support. If a parent withholds his presence, his love, his care, the opportunity to display filial affection and neglects to lend support and maintenance, such a parent relinquishes all parental claim, and abandons the child." (*Matter of Hayford,* 109 Misc. 479, citing *Matter of Larson,* 31 Hun, 539.)

Section 111 of the Domestic Relations Law states whose consents are necessary. Subdivision 3 of said section provides as follows:

" 3. Of the parents or surviving parent of a legitimate child; and of the mother of an illegitimate child, but the consent of a parent who has abandoned the child, or is deprived of civil rights, or divorced because of his or her adultery, or who is insane * * * or * * * an habitual drunkard, or judicially deprived of the custody of the child on account of cruelty or neglect, is unnecessary; excepting, however, that where such parents are divorced because of his or her adultery, notice shall be given to both the parents personally or in such manner as may be directed by a judge of a court of competent jurisdiction."

Consequently, by reason of said section, the consent of the contestant to the adoption is not necessary.

However, it does provide notice to be given to a person who is divorced because of his or her adultery. If no divorce had been granted, it would have been unnecessary to have consulted contestant.

The statute apparently recognizes that a divorced parent may not be one who has abandoned the child. In other words, a decree of divorce may direct the custody of the child to the mother, with the provision that the father pay for the child's support. If the money is actually paid as directed by the judgment in the divorce action, it could not be held that the father had abandoned the child. Apparently, it was for this reason that the Legislature determined that the wrongful party in a divorce action should at least have notice. If, upon a hearing, it was found that the wrongful party in a divorce action had provided no support for the child, the child would come under the classification of an abandoned child.

Having heard all parties and it appearing that the father has done nothing for the child since the divorce decree was granted to his wife and that the child has had his entire support from petitioner, who has really cared for him as a father, I find that contestant legally abandoned the child and, therefore, the prayer of the petitioner is granted and the adoption allowed.

Let an order be entered accordingly.