## GLENDINNING *et al. v.* McCOMAS.

No. 12715. June 17, 1939.

*Connerat & Hunter,* for plaintiffs.

*Hitch, Denmark & Lovett* and *R. B. Morris,* for defendant.

BELL, Justice. This case is before this court on grant of the writ of certiorari. For a full statement of the facts, see report of the decision under review. *McComas* v. *Glendinning,* 59 *Ga. App.* 234 (200 S. E. 304). The petition was filed by a husband, his wife concurring, to adopt a ten-year old son of the wife and a former husband. The petition did not allege that the former spouse, the natural father of the child, had consented to the adoption, but alleged other facts for the purpose of showing that he had abandoned the child so as to render his consent unnecessary. The trial court overruled a general demurrer to the petition as amended, and this judgment was reversed by the Court of Appeals, the ruling of that court, as stated in the headnote, being as follows: "The petition for the adoption of a child under fourteen years of age, which alleged neither the consent of both of his living parents, nor facts constituting an abandonment of the child by the parent not alleged to have consented, was subject to general demurrer and should have been dismissed." The only contention of the plaintiffs in certiorari is that the Court of Appeals misconstrued the law as to abandonment. The petition contained the following allegations: The wife and the former husband were divorced by a decree of a named district court of the State of Nevada, on October 19, 1931. By this decree the custody of the child was awarded to the mother,

· "subject to the right and privilege of the plaintiff [the father] visiting said child at all reasonable times and at such places as shall be convenient and satisfactory to both the parties to this action, and that plaintiff pay for the support, maintenance, and education of said minor child the sum of forty ($40.00) dollars per month." The father of the child is an officer in the United States Army, stationed in the Territory of Hawaii. Immediately after the divorce he returned to Hawaii, and there remarried. Subsequently a child was born as the issue of such marriage, and there may be now other children. When his former wife married again in February, 1934, he "advised his former wife that he would no longer contribute to the support of said child, and that her husband would have to do so." Since that time, although his income has increased, and although he has been often requested to do so by the child's mother, he has refused to make the required monthly payments, and "has failed to contribute any sum whatsoever to the support and education of his son and has failed to provide any necessaries for said child." Nor has he ever made "any effort to visit said child, or to avail himself of the privileges of visiting said child, as provided in the divorce decree." There is no allegation that he did not comply with the order as to monthly payments from the date of the decree to the time of his wife's remarriage.

We agree with the Court of Appeals in the conclusion that these facts do not show such an abandonment of the child by the natural father as to render unnecessary his consent to adoption by another. The Code, § 74-402, provides as follows: "The petition for adoption, duly verified in duplicate, shall be filed jointly by husband and wife, unless the person desiring to adopt shall be unmarried, in the superior court of the county in which said child may be domiciled, setting forth the name and age of the child; the address and age of the petitioner; the name by which the child is to be known; whether the parents are living or not; names and addresses of the living parents or guardians, if known to the petitioner, or the name of the mother when the father has abandoned his family; a description of the property belonging to said child; and the consent of such father or mother to the act of adoption; if the child shall have neither father nor mother, the consent of no person shall be necessary to said adoption." While the penal statute as to abandonment of a child by the father (Code, § 74-

9902) may be considered, it is not the criterion here. The adoption statute, so far as it embraced the subject of abandonment, was enacted before the penal statute; and was not qualified thereby. While it may be true that in some respects the statute as to adoption may be liberally construed, yet, as applied to severance forever of the paternal relation, it must be construed strictly against the applicant and favorably to the parent. See Code of 1863, § 1739; *Gay* v. *State,* 105 *Ga.* 599 (31 S. E. 569, 70 Am. St. R. 68). Under statutes providing that abandonment may render such consent unnecessary, it is generally held that the abandonment must be such as to show a settled purpose to forego all parental duties and claims. In Guardianship of Snowball, 156 Cal. 240, 243 (104 Pac. 44, 46), it was said: "In order to constitute abandonment, there must be an actual desertion, accompanied with an intention to entirely sever, so far as possible to do so, the parental relation, and throw off all obligations growing out of the same." In Winans *v.* Luppie, 47 N. J. Eq. 302 (20 Atl. 969), it was said that abandonment as related to adoption imports "any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." The decree of the Nevada court awarding custody of the child to the mother does not upon its face carry any weight against the father in this case, since it was not his act, but was the act of the court; and so far as appears, his resulting separation from the child was involuntary on his part. Furthermore, this order did not purport to sever the parental relation, but distinctly recognized it. Jackson *v.* Spellman, 55 Nev. 174 (28 Pac. 2d, 125, 91 A. L. R. 1381, 1400). Upon a proper construction of the petition in this case, it is to be assumed that the child is not in a state of destitution or in need (compare *Wood* v. *Wood,* 166 *Ga.* 519 (5), 143 S. E. 770); and while the natural father violated both the divorce decree and his parental obligation in failing to contribute to the child's support after the remarriage of the mother, this conduct on his part might, under all the facts of the case, be attributed as reasonably to personal displeasure at his former wife's remarriage and the consequent relation of a stepfather to his son, as to any settled purpose on his part to forsake and abandon the legal rights and claims of his natural parenthood.

The plaintiffs contend that the failure of the defendant to com-

ply with the Nevada court order or otherwise to provide for the child's support since the remarriage of the mother resulted in the loss of his parental power, under the following law: "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor. This parental power shall be lost by . . failure of the father to provide necessaries for his child, or his abandonment of his family." Code, § 74-108, par. 3. This section refers only to the *control* of the father and his right to the services of the child and the proceeds of its labor. *This* parental power shall be lost in the manner stated. This section does not purport to deal with the subject of adoption.

Nor is the case altered by the additional fact that the father did not exercise the privilege of visitation as granted by the divorce decree, it appearing that he is an officer of the United States Army, stationed at great distance from the child's domicile. All the facts together do not suffice to show an abandonment within the meaning of the applicable statute. As related to any settled purpose or intention to lay aside all parental duty and claim, they are too uncertain and equivocal to support the conclusion predicated thereon. For such a breach of duty, a suit against the father in some form would usually be expected; and it might have been so in this case, except for the father's absence. See *Jernigan* v. *Garrett,* 155 *Ga.* 390 (117 S. E. 327); In re Cohen's Adoption, 155 Misc. 202 (279 N. Y. Supp. 427); Roberts v. Cochran, 177 Miss. 546 (171 So. 6); Jackson v. Spellman, supra; Allison v. Bryan, 26 Okla. 520 (109 Pac. 934, 30 L. R. A. (N. S.) 146, 150); Lacher v. Venus, 177 Wis. 558 (188 N. W. 613, 24 A. L. R. 403, 416); In re Cozza, 163 Cal. 514 (126 Pac. 161, Ann. Cas. 1914A, 214); 1 Am. Jur. 643, § 42; 2 C. J. S. 374, 388, §§ 6, 21. The case of Winans v. Luppie, supra, was cited on both sides in the instant case. We think it supports in some measure the views herein expressed. Among other cases cited for the plaintiffs were: Appeal of Cummings, 127 Maine, 418 (144 Atl. 397); Martin v. Fisher, 25 Ohio App. 372 (158 N. E. 287); Parsons v. Parsons, 101 Wis. 76 (77 N. W. 147, 70 Am. St. R. 894); In re Davis' Adoption, 148 Misc. 681 (255 N. Y. Supp. 416); In re Manzel, 160 Misc. 508 (290 N. Y. Supp. 178); Purinton v. Jamrock, 195 Mass. 187 (80 N. E. 802, 18 L. R. A. (N. S.) 926).

Whether on account of different statutes or facts these cases may be distinguished from the present case, they do not persuade us to a different conclusion.

The present case must not be confused with a habeas-corpus case. In a case of that character the welfare of the child is the paramount issue, and no question as to termination of the parental relation is involved; whereas in an adoption proceeding the question is whether all the facts, including the interest of the child, are sufficient to warrant the court in completely severing and destroying the natural relation between the parent and child and substituting an artificial status between the child and another person as parent. Manifestly, the rights of the natural parent are of more importance in the latter case than in the former. *Hammond* v. *Murray,* 151 *Ga.* 816 (108 S. E. 203) ; In re Cohen's Adoption, supra. It follows that the Court of Appeals properly held that the petition was subject to general demurrer; and the judgment of that court reversing the judgment of the trial court must be *Affirmed. All the Justices concur.*