In the Matter of the Adoption of RONALD A. BRESS, an Infant.

County Court, Erie County, April 9, 1948.

*Andrew B. Gilfillan, Jr.,* for Leon L. Kumm, petitioner.

*Nathan A. Weiss* for Adolph Bress, respondent.

ROBINSON, J.  An order to show cause why an order of adoption should not be granted in the above-entitled matter was returnable December 5, 1947; and on that date attorneys representing the petitioners and Adolph Bress, father of the infant was heard, and memorandums were subsequently filed.

Counsel for the father of the infant contends that this court is without power to approve of the adoption, unless it be found that the parent has abandoned the child.

Section 111 of the Domestic Relations Law reads in part as follows: " *Whose consent required.*   Subject to the limitations hereinafter set forth consent to adoption shall be required as follows :  *  *  *

" 2. Of the parents or surviving parent,  *  *  *

" The consent shall not be required of a parent  *  *  * who has been divorced because of his or her adultery ".

The father of the infant herein has been divorced from the child's mother because of adultery; and therefore his consent is not required.  The consent of a parent who has *abandoned* the child likewise is not required by the statute, but there is no contention relative to nonabandonment here and because of this circumstance it is contended that there is but a single course available to the court; namely, to deny the petition.

*Notice* to the parent (who has been divorced because of his adultery) is required by the statute; and in this case such notice has been given. Therefore, all the parties are properly before the court.

Section 114 of the Domestic Relations Law provides as follows: " *Order of Adoption.* If satisfied that the moral and temporal interests of the foster child will be promoted thereby, the judge or surrogate shall make an order approving the adoption and directing that the foster child  *  *  *."

Several cases were submitted by counsel among which was the case of *Matter of Metzger* (114 Misc. 313), holding that if adequate legal reasons exist for terminating the natural rights of a parent in his child and justify the resulting modification (in effect) of the decree of divorce, an order of adoption could properly be granted. This case likewise holds that a divorced parent has a right to oppose the adoption; hence, the amendment to section 111 of the Domestic Relations Law providing for notice to such parent.

In *Matter of Norris* (157 Misc. 333, 337) the court in speaking of a development in the case said: " That development should not *bar* consideration of the natural rights of the father of these children." (Italics supplied.)

In the case of *Caruso* v. *Caruso* (175 Misc. 290) testimony was taken, and the court apparently found therefrom that the father of the child, the defendant in a divorce action, was an unoffending, nonconsenting but objecting parent; and therefore would not interfere with the rights of the parent in the child.

In *Matter of Willing* (43 N. Y. S. 2d 834) the court found abandonment by the parent.

In *Matter of Heye* (149 Misc. 890, 893) the court said: " The most he could do would be to ask for a day in court, not to set the adoption aside on the ground he had not been notified, for the divorce action implied its legal consequences  *  *  *, but only to lay before the court facts that might have a bearing on what was for the best interests of the child."

In *Matter of Munzel* (160 Misc. 508, 510) the court in speaking of the legislative action in providing for notice to the wrongful party in a divorce action said: " If, upon a hearing, it was found that the wrongful party in a divorce action had provided no support for the child, the child would come under the classification of an abandoned child ", the effect of which would render *notice* to the abandoning parent unnecessary.

The fact of abandonment of a child first goes to the question of notice in the adoption proceedings, and secondly, to the

question of whether or not a decree of adoption should be granted. In determining this question, the fact of abandonment is of great significance but a showing of no abandonment, on the part of the parent, is not such a circumstance as would, in and of itself *alone*, definitely and conclusively determine the issue. There may be other factors that quite properly should be considered by the court in arriving at a decision in the matter.

The prayer of the parent that the petition for adoption be not granted is denied, and these proceedings adjourned to April 21, 1948, at 2:00 P. M. for such evidence or testimony as the parties care to submit to the court, there having been no proof made herein.