34043. MURRAY *v.* WOODFORD.

Decided June 4, 1952.

*Kopp & Peavy, Clarence D. Blount,* for plaintiff in error.
*William H. Young Jr.,* contra.

FELTON, J.   1. The evidence did not show that the relationship between the father and son had been terminated by court decree.

2. The evidence did not show that the father had abandoned his child (*Glendinning* v. *McComas,* 188 *Ga.* 345, 3 S. E. 2d, 562), and it did not show that he had wantonly and wilfully failed to comply with the order of Ware Superior Court ordering the father to pay $7 a week for the support of the child, so as to render his consent unnecessary as provided in the act of 1950 (pp. 289, 290; Code, Ann. Supp., § 74-404), which provides: "Consent of the parents shall not be required where a child has

been abandoned by its parents, or where the parents of the child cannot be found, after a diligent search has been made, or where a parent is insane or otherwise incapacitated from giving such consent, and the court is of the opinion that the adoption is for the best interest of the child, or where the parents have surrendered all of their rights to said child to a licensed child-placing agency, or court of competent jurisdiction for adoption, or to the State Department of Public Welfare through its designated agents, or in the case of parents whose parental rights have been terminated by order of a juvenile or other court of competent jurisdiction, or where both parents are dead. Where a decree has been entered by a superior court ordering the father to support the child and the father has wantonly and wilfully failed to comply with the order for a period of 12 months or longer, consent of said father shall not be required and the consent of the mother alone shall suffice." Ga. L. 1941, p. 304 (Code, Ann. Supp., § 74-413), provides: "Upon the day appointed by the court for a hearing of the petition for adoption, or as soon thereafter as the matter may be reached for a hearing, the court shall proceed to a full hearing on the petition and the examination of the parties at interest in chambers under oath with the right of adjourning the hearing and examination from time to time as the nature of the case may require. The court at such time shall give consideration to the investigation report and to the recommendations therein contained, if such a report has been made. If the court is satisfied that the natural parents have just cause to be relieved of the care, support and guardianship of said child, or have abandoned the said child, or are morally unfit to retain the custody of said child, and that the petitioner or petitioners is or are financially able and morally fit to have the care, supervision, training and education of the child, and that the child is suitable for adoption in a private family home, and that the adoption requested is for the best interest of the child, it shall enter an interlocutory order granting the temporary custody of the child to the petitioner or petitioners; or if it is not so satisfied, to refuse such an order and to dismiss the petition."

Our interpretation of the above provision of law is that on such interlocutory hearing the judge has jurisdiction and it is

his duty to inquire into whether both parents have consented to the adoption, and whether, if one parent has not consented, the necessity for such consent has been rendered unnecessary under the law providing for such cases. Since the evidence did not show that the relationship of father and son had been terminated by court decree, and since it did not show abandonment or that the father had wantonly and wilfully failed to comply with the decree ordering him to pay $7 per week for the support of the child, the court erred in denying the motion to dismiss the petition for adoption.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*