## 52650. MILFORD v. MAXWELL.

McMurray, Judge.

The parents of three minor children were divorced and the primary custody of said children was awarded to the wife. Both parents remarried. The mother of the children was then killed by her husband in a murder-suicide. Since this occurred, the children have been living with the maternal grandmother, who has petitioned for the termination of the parental rights of the father. The father filed a counterclaim seeking custody of the children as the surviving parent.

The case was heard by the Juvenile Court of Elbert County and findings of fact were made that the father was unfit for custody, had abandoned the minor children and that it would be detrimental to the welfare of the children to be placed in his care and custody. The court awarded custody and control of the minor children to the maternal grandmother with visitation privileges in the natural father. Defendant appeals. *Held:*

1. Upon the death of the mother to whom custody of a minor child has been awarded in a divorce decree, the prima facie right of custody ordinarily inures to the father. *Howell v. Gossett,* 234 Ga. 145 (214 SE2d 882); *Chapin v. Cummings,* 191 Ga. 408 (12 SE2d 312); *Girtman v. Girtman,* 191 Ga. 173 (11 SE2d 782). But the right of custody in the surviving parent may be lost in one of the ways provided by law. *Hendrix v. McClelland,* 226 Ga. 107, 108 (172 SE2d 663); *Howell v. Gossett,* 234 Ga. 145, 146, supra.

2. The parties were divorced in 1970. The defendant admitted that he had not seen the children since 1971, until the present, even though the father and the children were living in adjoining counties. By the defendant's own admission he had failed to provide any payments to his wife as required by the final decree of divorce, although there was sufficient evidence of his financial ability to pay same. The evidence was sufficient to show abandonment by the father. See Code Ann. § 24A-3201 (a) (4) (Ga. L. 1974, pp. 1126, 1133); *Hamrick v. Seward,* 126 Ga. App. 5 (189 SE2d 882). Even though defendant sought to show and to demonstrate his interest in the children by showing

he had made certain efforts during recent months prior to the institution of these proceedings to see them, the above evidence is sufficient to show abandonment on his part and to authorize the termination of parental rights. The case of *Glendinning v. McComas,* 188 Ga. 345 (3 SE2d 562), cited by the defendant in no way supports the defendant, but the testimony in the case sub judice is sufficient for the court to have found, even construing it strictly against the petitioner and favorably to the parent, that the parent had abandoned his children.

3. Further, the evidence as to the defendant's conduct over a period of 10 years (five or six years prior to the time of this case and thereafter) demonstrates a manifest disregard by the defendant of basic morality. It involved pleas of guilty to criminal charges; an adulterous relationship by the defendant and his second wife while she was married to a husband serving in Vietnam; associations with people connected with criminal activities; his presence at places where gambling was going on; and other riotous conduct, all of which is sufficient to show his moral unfitness as a parent to have custody of the children. While defendant denied much of this conduct there was sufficient testimony and evidence to impeach him, and the court would have been authorized to find he was an unfit and improper person to have custody of the children.

4. Under the testimony as given while there must be regard for the rights of the parents, the welfare of the children is paramount. *Elrod v. Dept. of Family & Children Services,* 136 Ga. App. 251, 254 (220 SE2d 726); *In re Levi,* 131 Ga. App. 348, 351 (206 SE2d 82). Under the authority of Code Ann. § 24A-401 (h) the evidence of the father's unfitness, his relationship with the children and his abandonment of same are sufficient to authorize a finding that the best interest of the children would not be served by placing them in his custody.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED OCTOBER 21, 1976.

*Thomas M. Strickland,* for appellant.
*Heard, Leverett & Adams, James D. Hudson,* for appellee.