54302. PEACOCK v. COX et al.

SHULMAN, Judge.

This appeal arises from an adoption proceeding initiated by appellees. Appellant, natural father of the child appellees sought to adopt, filed an objection to the adoption petition. Following an evidentiary hearing, an order was issued finalizing the adoption. It is from that order that this appeal is taken.

1. Appellant has enumerated 30 errors, including issues of procedural, evidentiary and substantive law. His argument, however, is limited to one general issue: whether there was such an abandonment by appellant of his child as to obviate the necessity of obtaining his

consent to the adoption. This single issue is addressed in Enumerations 11, 13, and 27. The issues raised in the other 27 enumerations are not mentioned at all in appellant's argument. They are, therefore, treated as abandoned. Code § 24-3618 (c) (2); *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630).

2. The thrust of appellant's argument is that the evidence in this case was not sufficient to support a finding of abandonment. His position is untenable in view of the legal policy of upholding civil judgments where there is any evidence to support them. That policy is as applicable to adoption proceedings as it is to other civil matters. *Hamrick v. Seward,* 126 Ga. App. 5, 7 (189 SE2d 882); *Wiles v. Brothers,* 138 Ga. App. 616 (3) (226 SE2d 805). Although the evidence here was conflicting, there was evidence to support the judgment.

3. "Except as otherwise specified in the following subsections, no adoption shall be permitted except with the written consent of the living parents of a child." Code Ann. § 74-403 (1). One of the specified exceptions to this rule is abandonment: "Consent of a parent shall not be required where a child has been abandoned by such parent, . . ." Code Ann. § 74-403 (2). The trial judge made findings of fact in this case which supported his conclusion of law that appellant ". . . has shown an intent to entirely sever so far as possible to do so, the parental relation with said minor child and to throw off all obligations growing out of same." That is a finding of abandonment sufficient to permit adoption without the parent's consent. *Glendinning v. McComas,* 188 Ga. 345, 347 (3 SE2d 562); *Wheeler v. Little,* 113 Ga. App. 106, 109 (147 SE2d 352).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

Argued September 14, 1977 — Decided September 28, 1977 — Rehearing denied November 7, 1977 — ▮▮▮▮▮▮▮▮▮▮

J. Dell Peacock, *pro se.*

*Hirsch, Beil & Partin, Milton Hirsch, Jacob Beil,* for appellees.