## 33317. COOPER v. COOPER.

BOWLES, Justice.

This appeal is from an order of the Chatham County Superior Court, finding appellant in contempt of court for his failure to pay child support in violation of an earlier decree. He was found to owe $1,856 in child support arrearages and attorney fees.

Appellant complains that his failure to pay child support was not wilful because of an agreement between the parties that certain payments made by appellant to appellee would be in lieu of the stated payments; that custody of the child had been changed with the express or implied consent of the parties; and that appellee had not made her whereabouts known to appellant, making it impossible for him to make payments as ordered.

The trial judge heard evidence and ruled that appellant was not justified in withholding child support payments from appellee. Any money paid to appellee from the time the original decree was entered, excepting the one payment of $150 under the decree, had been voluntary and was not to be credited against child support owing. See *May v. May,* 229 Ga. 832 (195 SE2d 7) (1972). There was no showing that custody of the child had been given to appellant. While appellant could not make payments during the months he did not know appellee's whereabouts, he was obligated to account for them upon appellee's return.

We find evidence to support the trial judge's order, and will not disturb it on appeal. *Mahaffey v. Mahaffey,* 238 Ga. 64 (2) (230 SE2d 872) (1976); *Bradley v. Adams,* 240 Ga. 129 (239 SE2d 681) (1977).

The trial judge found that the financial status of appellee was not relevant to this action for contempt, and that appellant was not entitled to discovery of appellee's income or bank accounts. This was a matter within his discretion and we find no abuse.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 17, 1978 — DECIDED APRIL 3, 1978.

*Robert M. Ray,* for appellant.
*Calhoun & Associates, John R. Calhoun,* for appellee.