## 55667. BEATTY v. WILKERSON.

SMITH, Judge.

Wilkerson filed a petition to adopt his wife's son, who was fathered by the wife's former husband, Beatty. The mother, Mrs. Wilkerson, consented to the adoption; the father, Beatty, did not. The adoption request was granted, notwithstanding Beatty's refusal to consent, because the court found that Beatty had wantonly and wilfully failed, for a period of twelve months or longer immediately prior to the filing of the adoption petition, to comply with a court order for child support. Beatty appeals, but we affirm.

Appellant and Sue Ann Wilkerson were divorced on January 27, 1975. Under the terms of the divorce decree, the mother was awarded custody of the child and the father was ordered to pay fifteen dollars per week child support. Appellant admits that he has not paid any child support to Mrs. Wilkerson, but claims that he and his former wife entered into an agreement in September, 1973, that the child support money would be placed in a savings account for the child. He submitted evidence that he maintains an account in the names of Russell C. Beatty, Jr. and Russell James Beatty, a minor, and testified that only his signature is needed to withdraw money from the account. At the time the adoption petition was filed on February 3, 1977, the account had a balance of $1,267.23 and an additional $300 was deposited subsequent to the filing of the petition.

The court found as a fact that, for a period of more than 12 months immediately preceding the adoption proceedings, the father (appellant) had wantonly and wilfully failed to obey a court order to pay child support. It is clear under the pleadings and evidence, this case is predicated upon the theory of abandonment by failure to pay child support, as set out in Ga. L. 1950, p. 289, amending § 3, subsection 2 of Ga. L. 1941, p. 300, known as Adoption Laws Revised (Code Ann. § 74-403 (2)). See also *Kriseman v. Kenmore,* 143 Ga. App. 490, 492 (238 SE2d 585) (1977).

The following findings of fact fully support the trial court's conclusion of law that appellant had wantonly and

wilfully failed to comply with the child support order.

Findings of Fact by the Judge:[1]

1. Appellant and appellee's present wife were divorced and appellant was ordered to pay to his former wife the sum of Fifteen ($15) Dollars per week as child support.

2. Appellant opened a joint savings account in his name and his son's name in his home state of Maryland. The case of *Carpenter v. Forshee,* 103 Ga. App. 758, 771, 772 (120 SE2d 786) (1961), states that this is insufficient to comply with a court order directing the father to pay support to the mother for the child. See also *Cooper v. Cooper,* 241 Ga. 117 (244 SE2d 5) (1978), as to voluntary payments and agreement between parties different from court order.

3. The natural mother of the child, appellee's wife and appellant's former wife, had no knowledge of the savings account. Even if she had had such knowledge, this would also be insufficient to comply with a court order directing the father to pay support to the mother for the child. *Carpenter v. Forshee,* 103 Ga. App. 758, 771, supra. Also see *Williamson v. State,* 138 Ga. App. 306 (226 SE2d 102) (1976), where the court held that irrespective of any agreement by the mother to relieve the father of support, his failure to support the children is intentional and wilful, voluntary abandonment.

4. The natural father (appellant) had not supported his minor son, Russell James Beatty, since January 17, 1975. The adoption proceedings were begun in January 1977. Failure to comply with the court order for the twelve-month period immediately preceding the filing of the adoption proceedings is all that is necessary to negate the necessity of consent. *Sale v. Leachman,* 108 Ga. App. 6 (132 SE2d 139) (1963).

5. Appellant had wilfully abandoned his child. In *Hamrick v. Seward,* 126 Ga. App. 5 (1), 7 (189 SE2d 882) (1972), the court says: "If there is any evidence to support the findings and judgment entered in an adoption

---

[1] Citation and discussion of cases in connection with the findings of fact are by this court, not the trial judge.

proceeding tried before a judge without a jury, it will be affirmed on appeal. The evidence is to be construed to uphold rather than to destroy the judgment." The court went on to say, "The judge, sitting without a jury as the trior of factual issues, is the judge of the credibility of the witnesses, including parties."

6. Appellee is morally, financially and physically able and fit to adopt Russell James Beatty (the son of appellant and appellee's wife).

Based upon these findings of fact the trial judge concluded as a matter of law that appellant had wantonly and wilfully failed to abide by a court order directing support to his son, the subject of this adoption proceeding. The trial judge also found it to be in the best interest of the minor child that he be adopted by appellee. The evidence here fully supports the findings of the trial judge that the natural father (appellant) did wantonly and wilfully fail to comply with the child support order.

The *Hamrick* and *Carpenter* cases, supra, are directly on point with this case. In each case, the father stated he had had the money put away for the use of the child but had never been asked for it, or. he had tried to give the money and been rebuffed. In the *Hamrick* case, the father had bought bonds and had enough saved to pay in full his entire obligation. This court in both *Hamrick* and *Carpenter* states that the fact the father had the money but did not pay amply supported the court's finding of wilful and wanton abandonment. In *Carpenter,* p. 773, the court held " 'wantonly and wilfully'. . . means without reasonable excuse, with a conscious disregard of duty, willingly, voluntarily and intentionally." What can fit this definition better than a father who never sends his former wife one cent of support for their child? This is especially true where the father places it in a bank. He not only is depriving his child of needed necessities, but he is also telling the courts to take a walk, he is going to do as he pleases, a court order to the contrary notwithstanding. This court cannot condone such conduct. To do so is to tell the superior court judges of this state that we are going to encourage fathers to ignore court orders and do as they please. This we cannot do!

Here, as we noted in *Kriseman v. Kenmore,* 143 Ga.

App. 490, 492, supra, the pleadings and evidence as well as the findings of the trial court show that this case is based upon Code Ann. § 74-403 (2), supra. As pointed out in the *Hamrick* case, p. 11, all that is needed for an adoption of his child without his consent is for the father to wantonly and wilfully fail to comply with the court decree directing him to support his child. No other type or kind of abandonment is necessary. The court goes on to say this may be said to amount to a kind of abandonment but it is not necessary that the court find an abandonment to have occurred in any other manner.

*Judgment affirmed. Bell, C. J., Quillian, P. J., Webb, Shulman, Banke and Birdsong, JJ., concur. Deen, P. J., and McMurray, J., dissent.*

SUBMITTED APRIL 3, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 —

*Saul, Blount & Martin, Percy J. Blount,* for appellant.

*Jeanne D. Harrison,* for appellee.

DEEN, Presiding Judge, dissenting.

The trial court ruled that the minor child had been ". . . wilfully and wantonly abandoned by his natural father. . ." although the court's only finding of abandonment based on the evidence was that the father has not supported his child since January 27, 1975.

The law in effect at the time this petition was filed was Ga. L. 1941, pp. 300, 301; 1950, pp. 289, 290; 1957, p. 367; 1960, pp. 791, 792; 1967, pp. 107, 108 (former Code Ann. § 74-403). "It is the law and policy of this state that no adoption shall be permitted without the written consent of the child's living parents, except under special circumstances. Code Ann. § 74-403; Stubbs, Georgia Law of Children, § 27. Two such circumstances are the abandonment of the child by the parent and the wanton and wilful failure of the parent to comply with a support order for a period of twelve months. Code Ann. § 74-403 (2)." *Nix v. Sanders,* 136 Ga. App. 859 (223 SE2d 21) (1975). In the present case, the trial court has not ruled

that there was a wanton and wilful failure of the parent to comply with a support order for a period of 12 months, as provided by the Code; instead, it held that the child has not been supported by his father since January 27, 1975, and, therefore, the father has wilfully and wantonly abandoned him.

"While the superior court has a very broad discretion in matters of adoption, which discretion will not be controlled by the appellate courts except in plain cases of abuse, such discretion is a legal one; and where the authority of the court to proceed with the adoption is dependent on the existence of consent by the living parent or parents or on a showing of the abandonment of the child by such parent or parents, the evidence of consent or of abandonment must be legally sufficient to authorize a finding of fact by the court that the consent has been given or that the parent has abandoned the child. Under the foregoing rules of law, the burden in this case was on the adopting parents to show a legal abandonment of the [child] by the father since no consent was attached to the petition." *Johnson v. Strickland,* 88 Ga. App. 281, 283 (76 SE2d 533) (1953). "While the penal statute as to abandonment of a child by the father. . . may be considered, it is not the criterion here. The adoption statute, so far as it embraced the subject of abandonment, was enacted before the penal statute, and was not qualified thereby. While it may be true that in some respects the statute as to adoption may be liberally construed, . . . it must be construed strictly against the applicant and favorably to the parent." *Glendinning v. McComas,* 188 Ga. 345, 346 (3 SE2d 562) (1939); *Johnson v. Strickland,* supra, at 284. "There must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, so far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims." *Wheeler v. Little,* 113 Ga. App. 106, 109 (147 SE2d 352) (1966). Mere failure of a parent to provide support for a minor child has been held not to constitute an abandonment as will amount to a relinquishment of parental custody and control. *Rawdin v. Conner,* 211 Ga. 52 (84 SE2d 50) (1954); *McComas v. Glendinning,* 59 Ga.

App. 234 (200 SE 304) (1938) affd. 188 Ga. 345, supra.

Recent decisions support my contention that failure to pay support without other evidence of abandonment is not sufficient to authorize the trial court to grant an adoption without the consent of the natural father. In *Milford v. Maxwell,* 140 Ga. App. 85 (230 SE2d 93) (1976), this court held that evidence that the father had not seen his children since 1971 even though he and the children lived in adjoining counties and his admission that he failed to make support payments as required by the divorce decree was sufficient to show abandonment by the father and to authorize termination of his parental rights under *Glendinning v. McComas,* supra. More recently, in *Peacock v. Cox,* 143 Ga. App. 762, 763 (240 SE2d 97) (1977), this court held that a finding of fact by the trial judge that a father " '. . . has shown an intent to entirely sever so far as possible to do so, the parental relation with said minor child *and* to throw off all obligations growing out of the same,' " was sufficient to find an abandonment under the rule set forth in *Glendinning v. McComas,* supra, to permit adoption without the parent's consent. (Emphasis supplied.) Thus, this court still adheres to the rule enunciated in *Glendinning* that nonpayment of support alone is not sufficient to find that the parent has abandoned the child.

In this case, the only evidence of abandonment was that the father had not sent the child's mother the amount of support owing under the divorce decree. Although there was evidence to show that the father had been injured while working and that he had not returned to work at the time of the hearing on appellee's petition, the trial judge made no finding of the father's ability to support his son. A copy of the divorce decree does not appear to have been introduced in evidence, and there was no evidence as to whether or not appellant attempted to maintain contact with his son or whether he ever exercised any visitation rights that he may have had under the decree. I do not believe that appellee has met his burden of proving that appellant's acts were sufficient to constitute an abandonment of the child as required under *Johnson v. Strickland,* supra. Therefore, as the evidence did not authorize the trial court's finding of a wilful and wanton

abandonment, I must respectfully dissent.

I am authorized to state that Judge McMurray joins in this dissent.