## TOLBERT *v.* SHORT.

1. A contract for the sale and purchase of a tract of land, as follows. "Maysville, Ga., Oct. 16th, 1918. This contract entered into this day, between S. L. Tolbert, party of the first part, and Doss Short, party of the second part, witnesseth that the party of the first part has this day sold unto the party of the second part, for the sum of four thousand dollars, all that tract or parcel of land containing seventy-three acres, more or less, known as the Hartly place, adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others. The receipt of one hundred dollars by the party of the second part is hereby acknowledged by the

party of the first part; the remainder to be paid November 15th, 1918. If the balance is not paid then, the $100.00 paid this day is to be forfeited," was sufficiently certain and definite to be the basis of a suit to compel specific performance of the contract. The description could be applied to the subject-matter by alleging and proving that the defendant had a described tract of land containing 73 acres located near Maysville, Georgia, in a certain county, and known as the "Hartly place," and that this was the only place in that vicinity of that description which the defendant owned.

2. While evidence is inadmissible to add to, take from, or vary a written contract, all the attendant circumstances may be proved; and if there is an ambiguity, latent or patent, it may be explained.

3. Where one sold a tract of land of a certain description, and there were two tracts of land of the same description, one of which was owned by the vendor and the other not, under the evidence submitted to explain the latent ambiguity, the jury was authorized to find that the vendor sold the land of that description that he actually owned.

4. "Where a contract for the sale of land is in writing signed by both parties, is certain and fair, is for an adequate consideration and capable of being performed, it is as much a matter of course for a court of equity to decree the specific performance of it as it is for a court of law to give damages for a breach of contract." *Funk* v. *Browne,* 145 *Ga.* 828 (90 S. E. 64).

5. Where a vendor by his declarations or conduct declares that if a tender should be made its acceptance would be refused, tender by the vendee before suit is unnecessary. Equity will not require a useless formality. *Miller* v. *Watson,* 139 *Ga.* 29, 32 (76 S. E. 585).

6. The newly discovered evidence was merely impeaching in its nature, and not of such character as would likely produce a different result on another trial.

7. The other grounds of the motion for new trial not specifically dealt with are without merit.

8. The verdict was supported by evidence, and the court did not err in refusing a new trial.

9. The court did not abuse his discretion in refusing to continue the case on the showing made.

No. 1787. SEPTEMBER 15, 1920.

Equitable petition. Before Judge Cobb. Jackson superior court. October 25, 1919.

J. D. Short filed an equitable petition against S. L. Tolbert, having for its purpose the specific performance of a contract for the sale of 73 acres of land in Jackson County by the defendant, Tolbert, known as the "Hartly place" in said county, adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others, in Millers District, at and for the sum of $4,000. The trade was consummated by a written contract duly signed by the plaintiff and defendant

and properly witnessed, a copy of which contract is as follows:
"Maysville, Ga., Oct. 16th, 1918.   This contract entered into
this day, between S. L. Tolbert, party of the first part, and Doss
Short, party of the second part, witnesseth that the party of the
first part has this day sold unto the party of the second part, for
the sum of four thousand dollars, all that tract or parcel of land
containing seventy-three acres, more or less, known as the Hartly
place, adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others.
The receipt of one hundred dollars by the party of the second part
is hereby acknowledged by the party of the first part; the re-
mainder to be paid November 15th, 1918.   If the balance is not
paid then, the $100.00 paid this day is to be forfeited."   The pe-
tition alleged, that $100 in cash was paid by the plaintiff to the
defendant on the land at the time the contract was executed, and
the balance of the purchase-price, $3900, was to be paid, as stated
in the contract, on November 15, 1918, when Tolbert was to exe-
cute a deed to plaintiff to the land; that on the last-mentioned
date the plaintiff went to the home of the defendant, near Mays-
ville, Georgia, and tendered and offered to pay the remainder of
the purchase-price of the land in accordance with the contract;
that Tolbert refused to accept the same, and refused to comply with
the terms of the contract and to make plaintiff a deed; that the
plaintiff still tenders and offers to pay to the defendant the balance
of the purchase-money for the land in accordance with the terms
of the contract of sale, and is ready to pay the sum that may be
held by decree to be due under the terms of the written contract;
and that the defendant has threatened to transfer his bond for
title that he holds to the land from the estate of Mrs. Sarah A.
Turner, deceased, to some innocent purchaser, in order that de-
fendant can not be made to comply with the terms of the contract.
The prayers were that defendant be required by decree to comply
with his contract upon the payment or tender of the sum remain-
ing due of the purchase-price of the land; that he be required to
convey the premises to plaintiff; that defendant be enjoined and
restrained from transferring or encumbering in any way his rights
or interest in the premises in controversy, and to that end that a
temporary injunction and restraining order be granted, and upon
the hearing that the same be made permanent.   There was also a
prayer for general relief.

The defendant demurred to the petition, on the grounds that the contract is too vague, uncertain, and indefinite to be the basis of specific performance, in the following particulars: (1) Because the contract does not describe the land with certainty, and does not show on its face in what county or State the land is situated; neither are there sufficient descriptions of the land contained in the contract in order that it could be located or designated, the only descriptive words being "all that tract or parcel of land, containing 73 acres, more or less, known as the Hartly place adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others." (2) That there has been no unconditional tender of the amount mentioned in the contract to the defendant by the plaintiff, in this: "that the plaintiff tendered to the defendant a cashier's check made payable to plaintiff and unindorsed by the plaintiff, for the amount claimed to be due by the terms of the contract; that this tender, which defendant denies is a legal tender, was coupled with the condition that the defendant would go with the plaintiff to Jefferson, Georgia, and pay to J. C. Turner, executor of Mrs. Sarah A. Turner, a certain sum of money, and that the defendant would make to the plaintiff a deed." It is stated that this was not such an unconditional tender as would be the basis of specific performance. Defendant also demurred to paragraph 7 of the petition, wherein the plaintiff claimed $150 as attorney's fees, and for cause of demurrer said that where a person has the right to sue for damages for the breach of a contract, or for specific performance of the contract, and elects to pursue the latter remedy, and specific performance is decreed, he waives his right to collect attorney's fees, if he had any. The court overruled the demurrer, and the defendant excepted.

The defendant answered the petition, denying in the main the material allegations, and set up, among other things, that the contract for the sale of the land is too vague, indefinite, and uncertain to be the basis of an action for specific performance, and that the land is not described with sufficient certainty; that there are two Hartly places containing 73 acres each, and both are bounded by lands of Mrs. Lipscomb, W. L. Ragan, and others; that no county or State is mentioned; that there has been no unconditional tender of the amount due for the land; that the pretended tender was an unindorsed cashier's check payable to ·the plaintiff, and

when this check was tendered it was coupled with the condition that the defendant would make the plaintiff a deed, and also that the defendant would accompany the plaintiff to Jefferson, Georgia, and pay J. C. Turner, executor of Mrs. Sarah A. Turner, a certain sum of money and then make the plaintiff a deed to the land.

After evidence introduced, the jury, under charge of the court, returned a verdict for the plaintiff, and found further that upon the payment by the plaintiff to the defendant of $3900, with interest at 7 per cent. from November 15, 1918, the defendant make to the plaintiff good and sufficient title to the premises described in the petition. The defendant made a motion for new trial, which was overruled, and he excepted.

*Ray & Ray* and *John J. Strickland*, for plaintiff in error.

*W. W. Stark*, contra.

HILL, J. (After stating the foregoing facts.)

1. The petition was not subject to the general demurrer on the ground that the description of the land set out in the contract was too vague and indefinite. In *Clark* v. *Cagle*, 141 *Ga.* 703 (2), 704 (82 S. E. 21, L. R. A. 1915A, 317), it was held: "Where a contract for the sale and purchase of a tract of land was dated at White Plains in this State, and described the property as the place of the vendor known as the 'Humphrey Place' containing 330 acres, more or less, this description was not so vague and indefinite as to render the contract unenforceable. The description could be applied to its subject-matter by alleging and proving that the vendor had a described tract of land containing the number of acres mentioned, located near White Plains, in a named county, and known as the 'Humphrey Place,' and that this was the only place in that county known by that description." It will be seen that the *Clark* case is similar in its facts to the case being reviewed. In each case the contract is preceded by a given date and the name of the town and State wherein the contract was executed; and it was held in the *Clark* case that the description was not so vague and indefinite as to render the contract unenforcible. *King* v. *Brice*, 145 *Ga.* 65 (88 S. E. 960), was a case where the following contract was sued upon to recover damages for its breach, viz.:

"$100.00.                           Atlanta, Ga., July 2, 1913.

"Received of R. D. & C. S. King one hundred 00/000 dollars as part purchase-money on the following described property: 26 Ponce de Leon Ave. 70 x 185 & 15 foot alley included, which, on and for account of the owner and vendor, we have this day sold to the purchaser above named, subject to the titles being good, for the sum of $40,000.00 forty thousand dollars to be paid as follows:

| | |
|---|---:|
| five thousand cash | 5,000 |
| Bal. 1-2-3-4 years, 6% | 14,250 |
| Assumed indebtedness | 20,750 |
| | 40,000.00 |

M. C. Kiser Real Estate Company, per H. K.

"I hereby agree to purchase the above-described property on terms and conditions above named.

R. D. & C. S. King, R. D. King, purchaser.

"I hereby approve of the above-mentioned sale on the terms and conditions named, and agree to pay to M. C. Kiser Real Estate Company, real-estate agents, on the date formal transfer is made a commission of .................. dollars.

John A. Brice, owner and vendor."

In that case it was held: " The description of land in a contract of sale is sufficiently definite where the premises are so described as to indicate the grantor's intention to sell a particular lot of land. Where the contract indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence. The description of the property mentioned in the contract of sale, appearing in the first division of the opinion, is sufficiently definite to form the basis of a suit for recovery of damages from a breach of the contract."

From the foregoing authorities we hold that the court did not err in overruling the demurrer.

2. The court charged the jury "that where the contract in question describes the land as a tract of land containing seventy-three acres, more or less, known as the Hartly place, adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others, that those words are ambiguous and do not of themselves distinctly identify the land that was the subject of the sale, and the law allows parol evidence to be admitted to the jury for the jury to determine

whether with the aid of parol evidence they may be able to ascertain what was the particular and certain tract of land that was the subject-matter of the contract." Error is assigned upon the instruction that the words in the contract were ambiguous; whereas it is insisted that they were vague and uncertain, and the court therefore erred in construing the contract as being an ambiguous one. The evidence showed that there were two tracts of land, each containing seventy-three acres, to which the description in the contract was equally applicable, and therefore the contract contained a latent ambiguity. While evidence is inadmissible to add to, take from, or vary a written contract, all the attendant circumstances may be proved; and if there is an ambiguity, latent or patent, it may be explained. Civil Code (1910), § 4268. "Where the description applies equally to several tracts, a latent ambiguity results, which may be explained by showing which one of the several tracts was claimed by the grantor." 2 Devlin on Real Estate (3d ed.), 2026, § 1043; 25 R. C. L. § 283, middle section p. 652, and citations under note 14; Clark v. Powers, 45 Ill. 283. Therefore the charge complained of contains no error which requires a reversal.

3. Exception is taken to the following charge of the court: "Is there a place that was owned by the defendant on the day that the contract was entered into, known as the Hartly place and a place which adjoined the lands of Mrs. Lipscomb, W. L. Ragan, and others? If you find from the evidence that there is such a place, then you would be authorized to find a verdict that the parties intended that place to be the subject of this contract; provided that if you find from the evidence also that there were two Hartly places and that both of the Hartly places contained seventy-three acres, more or less, and both of them adjoined the lands of Mrs. Lipscomb and W. L. Ragan, then you would inquire further as to whether the defendant was the owner of both of these places on the day that the sale was made. If he was the owner of both of them, then it is impossible to be determined which one of the places was the subject of the sale, if they contained substantially the same number of acres, both known by the same name and both adjoined the same landowners. And if they both belonged to the defendant, then there could be no decree in this case and the contract would be void for uncertainty. But

if you find from the evidence there were two Hartly places, that is, two places known as the Hartly place, and that each of them contained substantially 73 acres and that each of them adjoined the lands of Lipscomb, Ragan, and others, but that the defendant owned one on the day the contract was made and did not own the other, then you would be authorized to find that the defendant and the plaintiff were contracting about property which the defendant owned, and not about property which he did not own." It is contended that by the use of the words, "is there a place that was owned by the defendant," and the further language that the jury "would be authorized to find a verdict that the parties intended that place to be the subject of this contract," the court added to the contract a term it did not contain, viz., the property owned by the defendant. These exceptions are without merit. The evidence shows that there were two tracts of land known as the "Hartly place," adjoining lands of Mrs. Lipscomb, W. L. Ragan, and others; and it also shows that the defendant owned only one of the Hartly places containing 73 acres; and extrinsic evidence was therefore admissible to show which one of the places was owned by the defendant.

4.  Other headnotes do not require elaboration.

*Judgment affirmed.   All the Justices concur.*