## 11941. PORTER v. FORSYTH.

LUKE, J. Where a contract for the sale or exchange of land was headed " Atlanta, Ga., 3/1/1920," and described the property to be sold as " S. Boulevard Street, No. 667, size of lot 50 x 200, No. of rooms 6, stories 1," with description as to the finish of the house, etc., the description was not so vague and indefinite as to render subject to general demurrer a petition for the recovery of a real-estate broker's commission, wherein the broker alleged that he had procured a purchaser ready, able, and willing to buy on the terms stated, etc. Prima facie, the property mentioned in the contract would be treated as in Atlanta, Ga., nothing appearing to the contrary; and, while the description was carelessly

made, it could be applied to its subject-matter by proper proof. The above is in principle the ruling in *Bush* v. *Black*, 142 *Ga.* 157 (82 S. E 530). See also *Pearson* v. *Horne*, 139 *Ga.* 453 (77 S. E. 387); *Tolbert* v. *Short*, 150 *Ga.* 413 (104 S. E. 245). The petition was not subject to any ground of demurrer urged by the defendant. This case differs from that of *Glover* v. *Newsome*, 132 *Ga.* 797 (65 S. E. 64). For no reason assigned was it error for the judge of the superior court to overrule the certiorari.

　　　*Judgment affirmed.　Broyles, C. J., and Bloodworth, J., concur.*

　　　　　　　　　　　　　DECIDED MARCH 9, 1921.

Certiorari; from Fulton superior court — Judge Bell. October 14, 1920.

For a commission as broker, C. A. Forsyth sued J. E. Porter in the municipal court of Atlanta, alleging in the petition that on March 1, 1920, the defendant entered into a written contract constituting the plaintiff his sole agent for 15 days from date to negotiate a sale of certain real estate in the city of Atlanta, Georgia, known as No. 667 South Boulevard, for $4,000, on terms set out in the contract, and that during the said agency, on March 9, 1920, the plaintiff found a purchaser ready, able, and willing to buy the property and who actually offered to buy it for that price and on the said terms, the purchaser being W. M. Walden; and that afterwards the defendant refused to consummate the sale and refused to pay to the plaintiff his commission of 5 per cent as agreed. Attached to the petition was a copy of the alleged contract, in the form of a letter addressed to C. A. Forsyth and signed " J. E. Porter, owner, " and headed " Atlanta, Ga., 3/1/1920, " saying: " You are hereby constituted my sole agent for the purpose of selling, exchanging, or otherwise disposing of the property described on the opposite side of this card, in whole or in part, for the space of 15 days from date. If sold or negotiated by you or through your instrumentality, or by me or any one else during this time, I agree to pay you a commission of 5 per cent. for your services. I further agree to make proper deeds or other conveyances to your customer. " On the back of this paper the price and the terms of sale were given, and the property was described as " S. Boulevard Street No. 667, size of lot 50x200, No. of rooms 6, stories 1, interior finish tinted, " with additional items of description, such as " grates, baths, " etc.

The petition for certiorari states that the defendant " filed gen-

eral and special demurrers by way of a motion to dismiss," the grounds of which are set out, and that the court overruled the plaintiff's "oral motion and proceeded with the trial of the case," and error is assigned on the judgment overruling the same. The answer to the certiorari states that the grounds of the "general and special demurrers by way of a motion to dismiss" were: No cause of action is set forth; the description of the real estate is insufficient to create a binding contract; the contract is unilateral; the written contract to purchase should be attached to the petition; "no binding contract is set up in the petition, showing that the purchaser is bound to accept the property;" the contract is incomplete and can not be connected up with any other written document, for the reason that no other writing is referred to in the said contract of listing; the contract purports to be complete, and parol evidence would not be permissible to add to it or to connect it "with any other contract by which a complete contract could be set forth by which the purchaser would be bound to accept the property as alleged in the petition."

*Randolph & Parker, Lovick G. Fortson,* for plaintiff in error.
*Holbrook, Corbett & White,* contra.