31567, 31568. CREADEN *v.* KROGH; and *vice versa.*

Decided September 13, 1947.

*John R. Burress,* for plaintiff in error. *Miller & Head,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ A decree for alimony which provides for future weekly payments, and upon which a judgment is subsequently granted as to the accrued unpaid payments in another State, is enforceable in this State when a suit is instituted thereon under the proper pleadings in a court of competent jurisdiction in this State. *Roberts* v. *Roberts; McClendon* v. *McClendon,* supra.

■ To maintain such a suit it is not necessary to show an authenticated copy of the record of the entire divorce and alimony proceedings, but a prima facie case is made by pleading and proving an authenticated copy of the judgment itself. *McClendon* v. *McClendon,* supra. The defendant's objection to the introduction of the authenticated copy of the decree entered on February 21, 1944, and a judgment thereon entered on June 28, 1946, was without merit. According to the common-law rule, adhered to

at the present time in most of the States, the presumption in favor of the jurisdiction of a court of general jurisdiction is conclusive, and its judgment can not be collaterally attacked where no want of jurisdiction is apparent of record. Whenever the record of such a' court is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that whatever ought to have been done was not only done, but that it was rightly done. So, where the judgment contains recitals as to the jurisdictional facts, these are deemed to import absolute verity unless contradicted by other portions of the record. Consequently, such a judgment can not be collaterally attacked in courts of the same State by showing facts aliunde the record, although such facts might be sufficient to impeach the judgment in a direct proceeding against it. The validity of a judgment when collaterally attacked must be tried by an inspection of the judgment roll alone, and no other or further evidence on the subject is admissible, not even evidence that no notice had been given. *Owenby* v. *Stancil*, 190 *Ga.* 50 (8 S. E. 2d, 7). The defendant made no attempt to prove that he had made any payments upon the judgment sued upon, but attempted to prove that he had made certain payments upon the original decree entered February 21, 1944, and attempted to set up certain amounts which he was entitled to receive as credits against the judgment, upon the ground that he had kept and maintained the minor children for a stated period of time. Voluntary expenditures in behalf of children involved in any alimony judgment would not give a father against whom such a judgment was entered any claim or demand which might be set up as a part payment on the judgment; and especially is this so when such voluntary expenditures were made before the rendition of the judgment, as the record shows in the present case. The court properly refused to allow the defendant to prove alleged payments prior to the date of the judgment sued upon, and to set off voluntary expenditures made upon his children prior to the date of this judgment. The plaintiff made out a prima facie case by pleading and proving the authenticated copy of the judgment sued upon, and since no payments on this judgment were alleged or proved by the defendant, the court, sitting without a jury, did not err in rendering judgment for the plaintiff in the amount sued for, together with the interest thereon. *McClendon* v. *McClendon*, supra; *Hawkins* v. *County of Sumter*, 57 *Ga.* 166.

The court properly overruled the demurrers to the answer because it contained a general denial. The answer should not have been stricken for the reason that it set up many and multifarious defenses, because even if it was defective in several paragraphs, but contained one paragraph which presented any defense, it would be error to strike the answer on general demurrer. The answer of the defendant in this case was sufficient to set up a valid defense, and although the defendant did not prove by any competent evidence any defense to the petition of plaintiff, the answer was sufficient to withstand the demurrers. Code, § 81-305; *Little Rock Cooperage Co.* v. *Hodge,* supra; *Hicks* v. *Hamilton,* supra.

*Judgment affirmed on both the main bill of exceptions and the cross-bill. MacIntyre, P. J., and Gardner, J., concur.*