### 33538. CHRISTMAN v. GRIFFIN.

WORRILL, J. 1. The motion to dismiss the bill of exceptions, upon the ground that the portions of the record specified to be sent up are not all the record necessary to a clear understanding of the errors complained of, is without merit, and is denied.

2. Where the original decree entered in a divorce case between the parties

to this action provided that the custody of the parties' child should remain in the mother, and that the father should pay a certain sum monthly to the mother for the maintenance and support of said child, such decree, after the term at which it was rendered, was a final decree which could not be modified, set aside, or abrogated by the court, parties, or their attorneys, unless the court in rendering such decree reserved the right therein to so modify it. *Glaze* v. *Strength,* 186 *Ga.* 613 (198 S. E. 721); *Torras* v. *McDonald,* 196 *Ga.* 347 (1) (26·S. E. 2d, 598); *Varble* v. *Hughes,* 205 *Ga.* 29 (52 S. E. 2d, 303). Consequently, where after the rendition of such final decree, the parties mutually agree to the modification of such decree with respect to the right of visitation of the father with the child, and such modification is made the order of a court having jurisdiction of the parties, and it is provided by such order that the father shall have exclusive custody of the child at certain times, such modification, and the acts of the parties thereunder in changing the custody of the child, do not entitle the father to take credit on the payments of alimony due under the original decree for sums expended directly upon the child by the father while it is in his custody, notwithstanding such sums so expended equal or exceed the amount of the current monthly payments of alimony due. *Fischer* v. *Fischer,* 164 *Ga.* 81 (5) (137 S. E. 821).

3. Under the foregoing rulings, the judgment of the trial court dismissing the affidavit of illegality, which interposed the defense indicated to the levy of an execution for unpaid installments of alimony awarded for the support of the parties' minor son, was proper.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

Decided September 12, 1951—Rehearing denied October 4, 1951.

*Sam S. Harben,* for plaintiff in error.
*Frank B. Stow, Robert E. Andrews,* contra.

