## WILLIAMS *v.* BLANTON *et al.*

WYATT, Justice. This is the second appearance of this case before this court. See *Blanton* v. *Williams,* 209 *Ga.* 16 (70 S. E. 2d, 461), where this court held that the petition set out a cause of action for the specific performance of the contract to construct a house which is involved in this case. When the case was returned to the court below, the petitioners amended their petition and offered to pay to the defendants the balance due on the contract price plus the actual cost of certain materials and labor used in work not provided for in the contract. It was further alleged that the defendant refused to accept the offer and refused to discuss the cost of labor and materials used and refused to convey the house for less than the sum he alleged to be due. The defendant demurred to the amendment and to the petition as amended. The demurrer was overruled, and the defendant excepted and assigns the same as error. *Held:*

The only question presented to this court is whether or not the amendment above referred to had the effect of rendering the allegations of the petition insufficient to state a cause of action when the allegations of the petition without such amendment had already been held by this court to state a cause of action. The contention of the defendant is that this additional amendment depends upon an oral agreement outside the written contract, is vague and uncertain, and seeks to engraft additional terms upon the written contract relied upon. The amendment referred to does not in any way attempt to vary the terms of the written contract, nor does it allege any additional contract or agreement between the parties. It is simply an offer by the plaintiffs to do equity by paying to the defendant the additional cost of labor and materials used in certain items of construction in the house which were not called for in the contract. This has nothing to do with the contract nor with the allegations of the petition as to the contract. This court having already held that the petition set out a cause of action, and nothing appearing in the amendment which could in any way affect the former allegations, it was not error to overrule the general demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18124. ARGUED FEBRUARY 10, 1953—DECIDED MARCH 9, 1953.

*Joseph J. Fine, John L. Westmoreland, John L. Westmoreland Jr.* and *J. Ralph McClelland Jr.,* for plaintiff in error.

*Henry M. Hatcher Jr., Johnson, Hatcher, Rhudy & Meyerson,* contra.