18881. WILLIAMS *v.* BLANTON *et al.*

ARGUED FEBRUARY 15, 1955—DECIDED MARCH 16, 1955.

*John L. Westmoreland, John L. Westmoreland, Jr.,* for plaintiff in error.

*Henry M. Hatcher, Jr., Johnson, Hatcher & Meyerson,* contra.

ALMAND, Justice. Mr. and Mrs. Leonard L. Blanton filed suit against C. L. Williams, seeking specific performance of an alleged contract whereby the defendant agreed to construct a house for the plaintiffs according to described specifications, and the plaintiffs agreed to purchase the house and lot upon the building of the house, which was to be completed within a specified period, for $11,000. Reversing the judgment of the trial court, we held in *Blanton* v. *Williams,* 209 *Ga.* 16 (70 S. E. 2d 461), that the petition set forth a cause of action. Subsequently, the order of the trial judge, holding that the petition as amended was not subject to the demurrers interposed, was affirmed by this court. *Williams* v. *Blanton,* 209 *Ga.* 677 (75 S. E. 2d 8). On the trial of the case before a court and jury, a verdict was returned in favor of the plaintiffs. The jury found that, in consideration of the transfer of the deed to the property from the defendant to the plaintiffs, the plaintiffs were to pay $10,000, plus $250 for basement work, $60 for bedroom window, and $52 for electrical

wiring and outlets, and that the defendant should pay to the plaintiffs $75 per month from June, 1951, through September, 1953, representing the rental value of the property. On this verdict, the court entered a decree providing that, upon the payment by the plaintiffs to the clerk of the court of the sum of $8,262, title to the tract of land in question be decreed to be vested in the plaintiffs; and that the defendant account to the plaintiffs for all rents received from said property subsequently to the date of the decree, and that the plaintiffs be credited with such rents on the sum ordered to be paid by them to the defendant. The defendant's motion for a new trial, on the general grounds only, was denied, and the bill of exceptions assigns error on this order, and on a specified portion of the judgment and decree.

■ The bill of exceptions assigns error on the part of the decree which ordered the defendant to account to the plaintiffs for rents received by him from said property subsequently to the date of the decree, on the ground that such portion of the decree was erroneous as not being authorized by the verdict. This final decree was entered on September 18, 1953, and it does not appear that exceptions pendente lite were filed to this portion thereof.

The act approved December 22, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 453), abolishing exceptions pendente lite, did not become effective until January 1, 1954; and under the law as it stood at the time the final decree in this case was entered in September, 1953, if the defendant desired to except to the decree, such exceptions could be preserved only by filing exceptions pendente lite, the rule at that time being that a complaint that a decree was erroneous in whole or in part should be taken at the proper time; and where more than 30 days elapsed between the denial of a motion for a new trial and the tender of a bill of exceptions, and no exceptions pendente lite were filed, such assignment of error in the bill of exceptions will not be considered. *City of Atlanta* v. *Carroll*, 194 *Ga.* 172 (3) (21 S. E. 2d 86); *Smith* v. *Smith*, 206 *Ga.* 461 (5) (57 S. E. 611).

The act of 1953, abolishing exceptions pendente lite, will not be given a retrospective operation as to orders and judgments entered prior to the effective date of the act, where one of the parties acquired substantial rights. *Gaulding* v. *Gaulding*, 210 *Ga.* 638 (81 S. E. 2d 830); *Hannah* v. *Kenny*, 210 *Ga.* 824 (83 S. E. 2d 1); *Levin* v. *Myers*, 211 *Ga.* 474 (86 S. E. 2d 283).

■ It is argued that a new trial should have been granted upon the general grounds, because (a) the evidence shows conclusively that the plaintiffs were not entitled to any judgment for specific performance; (b) the evidence conclusively shows that the contract sought to be performed is not the contract originally entered into; (c) the evidence shows that there was no tender of the purchase price or waiver thereof by the defendant; (d) the evidence shows that the plaintiffs were unable to pay the purchase price; and (e) the verdict and judgment were erroneous.

We have carefully reviewed the evidence in this case, and though it was in sharp conflict on the material issues involved, the court fairly and fully submitted the contentions of the defendant to the jury, and the evidence is sufficient to support their findings. "After the party waives his objection by allowing the evidence to go to the jury without objection, he is not entitled to a new trial on the ground that the allegations and the proof do not correspond." *Tanner* v. *Hinson*, 155 *Ga.* 838, 850 (118 S. E. 680). On the question of whether the evidence shows that the plaintiffs at the trial made a tender to the defendant, the jury were authorized to find that the defendant, by his actions and words, had waived the necessity for making a tender, and that a tender if made would have been refused. *Nickelson* v. *Owenby*, 208 *Ga.* 352 (2) (66 S. E. 2d 828). The contention that the evidence shows that the rental value of the house was at least $90 per month, and that the verdict of the jury awarding $75 per month is without evidence to support it and therefore erroneous, is without merit, for the reason that the verdict, being for less than the amount authorized by the evidence, operated to the benefit of the defendant rather than to his harm, and he has no right to complain. *Central of Ga. Ry. Co.* v. *Trammell*, 114 *Ga.* 312 (3) (40 S. E. 259).

It was not error to deny the defendant's motion for a new trial.
*Judgment affirmed. All the Justices concur.*