### 21181. COMBS v. COMBS.

MOBLEY, Justice. Where a final judgment and decree for divorce was entered by the Superior Court of Henry County on January 21, 1957, awarding the wife custody of the two minor children of the parties, and ordering the father to pay the mother $100 per month for the support of said children, being $50 for each child, and where, at a hearing before said court held November 12, 1960, upon a citation for contempt by the mother against the father for failure to make the payments as required, the evidence showed that the defendant father made no payments after September 1, 1959, until August 27, 1960, when he paid $850 of the $1,150 due, and that he had paid only one-half of the monthly payments from August 27, 1960, to the date of the hearing, and where no legal reason was shown for his failure to make the required payments—the trial judge did not abuse his discretion in finding the defendant in contempt of court for failure to make the payments as

required by the judgment and decree of January 21, 1957.

There is no merit in the defendant's contention that he was relieved of making the payments under said order because the mother moved her residence and the children from Henry County to the State of Florida, thereby preventing him from exercising his rights of visitation "at reasonable times." The mother testified that she moved to Florida to teach school in order to support herself and to help support the children. Furthermore, the mother was under no restraint whatever in moving her residence and the children to Florida. The case of *Morris v. Sheffield*, 214 Ga. 63 (102 S. E. 2d 595) —where the mother voluntarily agreed not to remove the children from the State of Georgia, and such agreement was made the final judgment and decree of court—is distinguishable on its facts and inapplicable here.

The fact that one of the children lived with the father from June, 1960, to September, 1960, at which time she was enrolled in college, and that the father was continuing to pay her expenses while she is at college, would not relieve him from paying the required $50 per month to the mother for support of that child where, under the judgment of January 21, 1957, custody of said child had been vested in the mother, who was liable for the child's support and who contributed thereto. See *Torras v. McDonald*, 196 Ga. 347 (2) (26 S. E. 2d 598); *Peacock v. Peacock*, 212 Ga. 401 (1) (93 S. E. 2d 575); *Kirby v. Johnson*, 188 Ga. 49 (3) (2 S. E. 2d 640); s. c., 188 Ga. 701 (4 S. E. 2d 643); *Swain v. Wells*, 210 Ga. 394, 400 (80 S. E. 2d 321); *Christman v. Griffin*, 84 Ga. App. 650 (2) (66 S. E. 2d 835); *Creaden v. Krogh*, 75 Ga. App. 675, 678 (44 S. E. 2d 136).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1961—DECIDED APRIL 6, 1961.

*Robert Paul Leiter*, for plaintiff in error.
*Ernest M. Smith*, contra.