41696. WHEELER v. LITTLE.

ARGUED JANUARY 3, 1966—DECIDED FEBRUARY 10, 1966.
Adoption.   Effingham Superior Court.   Before Judge Usher.

*Sullivan, Herndon & Smith, Richard H. Herndon,* for appellant.

*George W. Fetzer, Z. Vance Dasher,* for appellee.

FELTON, Chief Judge. *Code Ann.* § 74-403 (Ga. L. 1941, pp. 300, 301; Ga. L. 1950, pp. 289, 290; Ga. L. 1957, p. 367; Ga. L. 1960, pp. 791, 792) makes the written consent of the living parents of a child a prerequisite to an adoption proceeding except where the child has been abandoned by its parents or under other specific conditions not here alleged to exist. Since no such written consent is attached to the present application, it follows that the sole issue is that of abandonment. See *Johnson v. Strickland,* 88 Ga. App. 281, 283 (76 SE2d 533).

The petitioner-appellee contends that the judgment in the habeas corpus case, unexcepted to and not appealed from, estab-

lished that the father had lost parental control of his child by a voluntary contract, releasing the child to the petitioner, and that his parental rights were terminated by this order. In a habeas corpus case, "the welfare of the child is the paramount issue, and *no question as to termination of the parental relation is involved.*" (Emphasis supplied.) *Glendinning v. McComas,* 188 Ga. 345, 349 (3 SE2d 562). The contention of loss of parental control by voluntary contract is assumedly predicated on the provisions of *Code Ann.* § 74-108 (1). "This section refers only to the *control* of the father and his right to the services of the child and the proceeds of its labor. *This* parental power shall be lost in the manner stated. *This section does not purport to deal with the subject of adoption.*" (Emphasis supplied.) *Glendinning v. McComas,* supra, p. 348. Even in habeas corpus cases, involving custody, before such a voluntary contract may be enforced, a clear and strong case must be made, and the terms of the contract, to have the effect of depriving the father of his control, should be clear, definite and unambiguous. *Waldrup v. Crane,* 203 Ga. 388 (46 SE2d 919); *Rawdin v. Conner,* 210 Ga. 508, 510 (81 SE2d 461). The evidence in the present case shows that there was no written contract, either for relinquishment of custody or for adoption; that the subject of adoption was not even mentioned until after the habeas corpus proceeding; that the father left the four-months-old child with his sister, the appellee, after his wife had died because he was unable at that time to take care of an infant; that at the time he placed the child in appellee's possession there was a very indefinite arrangement as to how long she was to keep the child. These facts probably would be insufficient to make a clear and strong case for a voluntary contract relinquishing parental control in a habeas corpus proceeding. It is even more certain that they would not constitute a contract to adopt. Even if they did, however, it would not be binding in the adoption proceeding. "The rules in adoption cases are quite different from those involving custody alone and from cases involving virtual adoption. *Our law does not provide for the enforcement of a contract to adopt.* It does not provide that the child shall be declared to be adopted by those who have a clear legal and equitable

right to adopt it under a contract. It provides that the parents must consent to the adoption in spite of any contract they may have made which is binding on both parties in an action between them testing its validity. The action of the court in an adoption case is not controlled by the rules determining whether a contract of adoption should be enforced or not. . . Furthermore, the contract of adoption is absolutely irrelevant and immaterial in an adoption case other than on the question of consent." (Emphasis supplied.) *Allen v. Morgan,* 75 Ga. App. 738, 746 (44 SE2d 500).

"While the superior court has a very broad discretion in matters of adoption, which discretion will not be controlled by the appellate courts except in plain cases of abuse, such discretion is a legal one; and where the authority of the court to proceed with the adoption is dependent on the existence of consent by the living parent or parents or on a showing of the abandonment of the child by such parent or parents, the evidence of consent or of abandonment must be legally sufficient to authorize a finding of fact by the court that the consent has been given or that the parent has abandoned the child." *Johnson v. Strickland,* supra, p. 283. "While the penal statute as to abandonment of a child by the father (*Code* § 74-9902) may be considered, it is not the criterion here. The adoption statute, so far as it embraced the subject of abandonment, was enacted before the penal statute, and was not qualified thereby. While it may be true that in some respects the statute as to adoption may be liberally construed, yet, as applied to severance forever of the parental relation, it must be construed strictly against the applicant and favorably to the parent." *Glendinning v. McComas,* supra, p. 346, and cit.; *Johnson v. Strickland,* supra, p. 283.

The evidence shows that the child has been in the custody of the applicant ever since she was left there by her father. The mere leaving of a child in the custody of another for a number of years is not sufficient in itself to constitute abandonment. *Johnson v. Strickland,* supra; *Holbrook v. Rodgers,* 105 Ga. App. 219, 220 (124 SE2d 443); *Brazell v. Anderson,* 113 Ga. App. 15 (2) (146 SE2d 921). There must be sufficient evidence of an actual desertion, accompanied by an intention

to sever entirely, so far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims. *Glendinning v. McComas*, supra, p. 347. There is evidence in the present case that the father had contributed toward the support of the child by providing various items of clothing, food and money for school lunches and "spending" money from time to time. It is urged that these were merely token and insignificantly small contributions and that the applicant provided nearly all the support. "This court has many times held, under facts similar to those in the instant case, that the mere failure of a parent to provide support for a minor child when in the possession or custody of the other parent, a grandparent, or other person, when no support is requested or needed, is not such a failure to provide necessaries or such an abandonment as will amount to a relinquishment of the right to parental custody and control." *Rawdin v. Conner*, supra, p. 512, and cit. The unimpeached testimony shows that the applicant was never denied anything requested of the father for the support of the child and that she was financially able to support the child. Certainly the evidence does not support the contention that the child was left in a "destitute condition." In addition to the evidence as to material support, it appears that the child made frequent visits to the father's home, some of them lengthy and that the child had been taught respect for her father, whom she calls "Daddy." The above evidence is inconsistent with a finding of an intention of desertion and complete severance of the parental relation, etc. Although the order in the habeas corpus proceedings was adverse to the father, the very fact that he instituted such proceedings is itself evidence that he had no intention to forego all parental claims. See *Glendinning v. McComas*, supra, p. 347. In distinguishing adoption cases from habeas corpus cases, the court in the *Glendinning* case, at p. 349, pointed out that the rights of the natural parent are manifestly of more importance in the adoption proceeding, which seeks to sever completely and destroy the natural relation between the parent and child and substitute an artificial status between the child and another person as parent.

It follows from the above that the evidence did not authorize a finding of abandonment by the appellant and the court therefore erred in its judgment overruling the motion to dismiss the petition for adoption.

*Judgment reversed. Frankum and Pannell, JJ., concur.*