23747, 23748. WILLS v. GLUNTS; and vice versa.

CANDLER, Presiding Justice. Charlotte Wills and Benjamin C. Wills were divorced in Chatham County, on May 8, 1959. The verdict and decree required the father to pay $200 per month for the support and maintenance of each of his two minor children, beginning with the month of April 1959 and continuing until each child reached the age of eighteen. The trial judge awarded custody of the children to the mother but his order provides that they should spend six weeks during the school vacation period of each year with their father and that the amount fixed for the support and maintenance of the children should be reduced $300 for each such six-week period. The father regularly paid the full amount of $400 per month as awarded by the verdict and decree from April 1, 1959, to January 1, 1966, without deducting therefrom the $300 as he was authorized to do during the six-week period of each of the six years he was permitted to and did have custody of the children. On December 23, 1965, the children went to their father's home to visit him during the Christmas holidays and were to be returned by him to the mother's home in Massachusetts on January 2, 1966. He refused to return them and the mother brought habeas corpus against him in Chatham County. She prevailed in that proceeding and such judgment was affirmed by this court on May 6, 1966. See *Wills v. Glunts*, 222 Ga. 122 (149 SE2d 106). The mother (formerly Mrs. Wills, now Mrs. Glunts) filed a contempt proceeding in Chatham County against her former husband (Benjamin C. Wills) on May 23, 1966, alleging that he had wilfully failed and refused to pay the support award of $400 per month for January, February, March, April and May, 1966, and was therefore due $2,000 on the support decree. By her contempt petition she also sought and prayed

for reasonable attorney's fees to pay expenses for legal services rendered her in filing and prosecuting her contempt proceeding. By his answer to her petition, the defendant averred that he had, since the decree against him for child support was rendered on May 8, 1959, had the children in his custody for a period of 95 weeks during which time he supported and maintained them and that he had from May 8, 1959, to January 1, 1966, regularly paid his former wife $400 per month for the support and maintenance of their children and in consequence of such monthly payments he had paid her $4,750 more than the amount due on the decree prior to January 1, 1966, which excess in payment he was entitled to credit on monthly installments due by the decree on and after January 1, 1966. On the trial there was no dispute between the parties respecting payments made by the father, and the court held that the defendant was entitled to a credit of $1,800 on the $2,000 allegedly due, being $300 per year for the six-year period, 1960 to 1965, inclusive, when he had possession of the children under the terms of the decree. He found the defendant in contempt for not having paid the balance due of $200 on the decree and ordered him to pay $250 as counsel fees. From this judgment the defendant appealed and the plaintiff also filed a cross appeal from the same judgment and enumerated as error the credit allowance of $1,800 on the $2,000 due on the support decree for the years 1960 to 1965, inclusive. *Held:*

1. From the date of this decree for child support, the father admittedly overpaid the amount due thereby voluntarily. As a defense to this contempt proceeding, he contends that such overpayments should be credited on payments due by the decree on and after January 1, 1966, until he is fully reimbursed for such overpayments. The trial judge did not agree with his contention that he be given credit for the overpayment of $4,750 but allowed him to set off $1,800 of the overpayment or $300 a year for the six years immediately subsequent to the date of said decree when he was permitted thereby to have custody of the children for a period of six weeks each year and to deduct $300 from the amount awarded by the decree during such periods. He refused to allow him to set off the balance of the amount voluntarily paid during those weeks when he had no right under the decree to custody of the children. The mother contends that since

the father voluntarily made such overpayments he is not entitled to credit therefor on the support decree or to set them off against installments due on and after January 1, 1966. We think her contention is tenable and should be sustained. See *Taylor v. Taylor,* 216 Ga. 767, 769 (2) (119 SE2d 571). It is generally held that a father should make support payments for the benefit of his minor children as directed by the court (*Kirby v. Johnson,* 188 Ga. 701 (4 SE2d 643)) and that if he makes additional payments for their support and maintenance voluntarily, he cannot demand credit therefor as a matter of law. See 24 AmJur2d 992, 993, Divorce and Separation, § 872; Annotation 2 ALR2d 831. The Supreme Court of Appeals of Virginia followed and applied this rule in 1961 in the case of Newton v. Newton, 202 Va. 515 (118 SE2d 656) and cited as authority therefor cases from several other jurisdictions of this country. We take the view that it is the obligation of this father to pay the amounts specified by the decree according to the terms thereof and that he should not be permitted to vary these terms for his convenience or otherwise. To permit him to increase the amount of the monthly payments fixed by the decree at one time, discontinue them at another and require an adjustment of the differences in the future could and most likely would result in injury and serious disadvantage to his children. Decrees for child support should be strictly complied with and credit should not be allowed for overpayments voluntarily made. This is based on the principle that such overpayments are gratuities for which the children should not be required to account. *Fischer v. Fischer,* 164 Ga. 81 (5) (137 SE 821). There is certainly nothing in the law to prevent a divorced father from being more generous in the support and maintenance of his children than the court has ordered. We therefore hold that the trial judge erred in allowing the defendant to credit $1,800 of the amount he had voluntarily paid the mother prior to January 1, 1966, on the $2,000 he was due on the decree when this proceeding was instituted. And we are also of the opinion that the trial judge properly found and held that the defendant was not entitled to credit the balance of the $4,750 in payments he had previously made on future support installments as they become due under the decree. As authority for this ruling see *Taylor v. Taylor,* 216 Ga. 767, supra.

2. On the hearing of this contempt proceeding the court ordered the defendant to pay plaintiff's attorney Emanuel Lewis the sum of $250 as counsel fees. By the same order he reserved the right to make an additional award of attorney fees if there was an appeal from the contempt judgment. The defendant contends that the court was without jurisdiction to make any further award of counsel fees in this proceeding. Under the unanimous ruling of this court in *Posner v. Posner*, 220 Ga. 468 (2) (139 SE2d 386) this contention is not meritorious. See *Code Ann.* § 30-219 which authorizes the allowance of reasonable attorney's fees in contempt proceedings of this nature.

*Judgment affirmed in part and reversed in part on main appeal; reversed on cross appeal. All the Justices concur.*

ARGUED OCTOBER 11, 1966—DECIDED OCTOBER 20, 1966.

*Findley, Gannam, Head & Buchsbaum, James E. Findley, Robert E. Falligant,* for appellant.

*Lewis & Javetz, Emanuel Lewis,* for appellee.

