**Charles W. LASLIE, Sr., Appellant,**

v.

**Scott Allen COLE, Appellee.**

**No. 588.**

Court of Civil Appeals of Texas, Corpus Christi.

March 18, 1971.

Gerald K. Fugit, Odessa, for appellant.

Homer R. Taylor, El Campo, Littman & Wadler, Ken Lipscombe, Wharton, for appellee.

## OPINION

NYE, Chief Justice.

This is an adoption suit. Appeal is in this Court by writ of error. Appellant, the natural father, contends in one point that the trial court erred in granting the adoption without his written consent.

The appellant and natural mother divorced in 1968. Several months later she married Scott Allen Cole, the adoptive father and appellee. The petition for adoption was filed together with the written consent of petitioner's wife, the natural mother. Consent was sought from the juvenile court on the basis that the natural father had not supported the child for a two year period. The judge of the juvenile court granted substituted consent in lieu of the written consent of appellant.

The appellant was personally served with citation. His attorney answered the suit. As soon as the suit was filed, appellant started making child support payments. He paid into the registry of the court the monthly sums ordered to be paid by the judgment of divorce, including some payments for which he was in arrears.

The fact that the natural father begins to make payments after the filing of the adoption proceedings is not of itself sufficient to make ineffective the provisions of Art. 46a, § 6(a) allowing the adoption of the child without the written consent of the natural father. Jones v. Bailey, 284 S.W.2d 787 (Tex.Civ.App., Dallas 1955, n. r. e.); Pearson v. Newton, 371 S.W.2d 126 (Tex.Civ.App., Amarillo 1963).

The trial court found that the natural father of the adoptive child had not contributed substantially to the support of such child for a period of two years commensurate with his financial ability. Appellant argues that even if the trial court found that he did not support his child for a two year period, it was not a specific two year period following the divorce in which he was ordered to pay child support. He contends that all of the Texas cases construing the exception to the written consent of a living parent under Art. 46a, § 6(a), V.A.C.S., are cases where the father failed to support his child in disobedience of a court order of support following the divorce of the natural parents.

The statute says:

"* * * or if such parent or parents shall have not contributed substantially to the support of such child during *such period of two (2) years commensurate* with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent

or parents in such default, and in such cases adoption shall be permitted on the written consent of the judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence." (The word "such" refers back to another "period of two years" in the same section.) Art. 46a, § 6(a), V.A.C.S.

 A natural father has the legal duty to support his minor children whether ordered to do so by the court or not. 44 Tex.Jur.2d, Parent and Child, § 43-44. The fact that the juvenile judge found that appellant did not support his child for a two year period is not influenced by whether the period of time began before the divorce or after, or as in this case, the two year period which began prior to the divorce and ended prior to the filing of the petition for adoption. Lout v. Whitehead, 415 S.W.2d 403 (Tex.Sup.1967); Garcia v. Canales, 434 S.W.2d 895 (Tex.Civ.App. Corpus Christi, 1968); Art. 46a, § 6(a), V.A.C.S.

Appellant contends inferentially that the judgment should be set aside because he did not receive notice of the hearing on the adoption. The trial court found that appellant had been personally served with a copy of the petition; had filed his written answer; and that although notified by letter sent by United States mail dated January 29, 1970 to his attorney of record advising that the proceedings for adoption were set for trial on April 20, 1970, he failed to appear in court on that date. We hold that notice to appellant's attorney of record of the trial setting was sufficient notice of the hearing to appellant. Curtis v. Carey, 393 S.W.2d 185 (Tex.Civ.App. Corpus Christi, 1965); Texas Quarries, Inc. v. Pierce, 244 S.W.2d 571 (Tex.Civ. App., San Antonio, 1951), and authorities cited therein.

The appellant did not file the statement of facts in this case. It is therefore pre-

sumed that the evidence was sufficient to support the findings recited in the judgment. 3 Tex.Jur.2d, Appeal and Error § 452; O'Con v. Hightower, 268 S.W.2d 321 (Tex.Civ.App., San Antonio 1954, err. ref.). Finding no reversible error, the judgment of the trial court is affirmed.