## WIGLEY *v.* MOBLEY.

1. Even though during the period of a temporary separation between a husband and his wife and children he may have failed to provide necessaries for them, yet where, after the parents had become reconciled and the father had resumed his parental control of the children, the mother without his knowledge or consent executed an indenture of apprenticeship binding one of the children to another, this instrument was, as to the father, a mere nullity, and, in a controversy for the custody of such child between the person to whom it was thus bound and the father, afforded no reason for depriving the latter of such custody.

2. This being so, and the evidence in the present case not showing that the father was an unfit or improper person to have the custody of the child, or that its interest and welfare required that its custody should be given to another, the ordinary erred in not awarding the possession of the child to the father, and the superior court erred in not sustaining his certiorari sued out to reverse the ordinary's judgment.

Argued April 15, — Decided May 7, 1897.

Habeas corpus — certiorari. Before Judge Janes. Paulding superior court. January term, 1896.

*John O. Gartrell*, for plaintiff.
*W. E. Spinks*, for defendant.

FISH, J.  1. William J. Wigley applied to the ordinary of Paulding county for a writ of habeas corpus against John A. Mobley, to recover the possession and custody of petitioner's minor child, Minnie Viola Wigley.  The writ was issued, and upon the trial of the case before the ordinary he awarded the possession and custody of the child to Mobley.  Petitioner carried the case to the superior court by certiorari, and the judge of that court overruled and dismissed the certiorari; whereupon petitioner excepted.  The evidence showed that petitioner and his wife had temporarily separated; both testifying, upon the trial before the ordinary, that she took the children and left him of her own accord, and not for any fault upon his part.  There was evidence tending to show that he had failed to furnish necessaries for her and the children during the period of such separation.  She returned to him with the children, and there was a reconciliation, he resuming his parental control of the children.  After this, she obtained his consent for herself and children to go to Mobley's and remain until he could gather his crop, and then they were all to move to Alabama.  A few days afterwards, she, without the knowledge or consent of her husband, executed an indenture of apprenticeship binding the child Minnie Viola to Mobley.

Until majority, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor.  This parental power is lost by his failure to provide necessaries for his child or his abandonment of his family.  Civil Code, § 2502.  Even though the petitioner may have abandoned his family and failed during the separation to provide them with necessaries, yet where there had been a reconciliation and he had resumed his parental control of his children, the mother, without his knowledge or consent, could not apprentice one of them to Mobley, so as to bind petitioner; as to him, the indenture of apprenticeship was a mere nullity, and afforded no reason for depriving him of the custody of his child.

2. This being true, and the evidence not showing that Wigley, the father, was an unfit or improper person to have the custody of the child, or that its interest and welfare required

that its custody should be given to Mobley, or another, the ordinary erred in not awarding the possession of the child to the father, and the judge of the superior court erred in not sustaining the certiorari sued out to reverse the ordinary's judgment. *Judgment reversed. All the Justices concurring.*