## 21924. SALE v. LEACHMAN.

QUILLIAN, Justice. Wilbur M. Sale, Jr., and Caro S. Sale, nee Story, were husband and wife. To this union were born Wilbur M. Sale, III, Suzanne S. Sale and Hammond S. Sale whose ages are now six, four and three years respectively. On June 16, 1960, the marital relation of the couple was dissolved by a divorce decree entered in Fulton Superior Court, which decree ordered Sale to pay $120 per month for support of the children. From July 1, 1960, until February 1, 1962, he did not comply with the decree, paying nothing between the dates mentioned for support of the children. Subsequent to the divorce, Caro Story Sale married Charles W. Leachman, Jr. On February 5, 1962, Sale began complying with the decree and paid $60. He paid a like amount on February 19, 1962, March 2 and 20, 1962. On March 23, 1962, Leachman instituted an adoption case in Fulton Superior Court and prayed that he be permitted to adopt as his own children, Wilbur M. Sale, III, Suzanne S. Sale and Hammond S. Sale.

The petition alleged that the mother, Mrs. Leachman, had given her consent to the adoption and that it was not necessary for Sale to give his consent for the reason that he had for a period of more than twelve months, from July 1, 1960, to February 1, 1962, wilfully failed to comply with the divorce decree ordering him to pay $120 monthly for the support of the children. Sale filed his objection in which he denied he had forfeited his parental rights and that his consent to the adoption of his children was unnecessary. After hearing evidence, the Judge of Fulton Superior Court entered a judgment dismissing the objection of the natural father, Wilbur M. Sale, Jr., to the adoption of his children. The judgment stated: "the court is forced to hold that the natural father did wilfully and wantonly fail to support said children for a period of twelve months or longer," thus forfeiting his parental rights.

The judgment further recited: "This decree then is based upon a legal finding that Code Section 74-403, as amended, when it refers to the situation where a decree has been entered by a superior court ordering the father to support the child or children, and the father wantonly and wilfully fails to comply with the order for a period of twelve months or longer refers to any twelve month period following the order, and does not

refer to the twelve months immediately before adoption proceedings were instituted."

The judgment being adverse to Sale, he carried the case by writ of error to the Court of Appeals, and being dissatisfied with the judgment of affirmance entered there, filed a petition for certiorari. It was granted and the case is here for review, the review being limited to the issues presented by the petition for certiorari. *Held:*

1. The decision of the case sub judice turns upon the construction of a provision of Ga. L. 1950, pp. 289, 290, which act is embodied in Section 74-403 (2) of the unofficial supplement to the Georgia Code of 1933, and upon the application of the act to the factual situation presented by the record. The provision of the act in question reads: "Where a decree has been entered by a superior court ordering the father to support the child and the father has wantonly and wilfully failed to comply with the order for a period of twelve months or longer, consent of said father shall not be required and the consent of the mother alone shall suffice." The principal question raised by the petition for certiorari is whether the simple passage of twelve months during which the father fails wilfully and wantonly to comply with a support order in a divorce decree forever eliminates the necessity of the father's consent having to be obtained before his children can be adopted, even though when the petition for adoption is filed the father is currently supporting the children and for some time prior to the institution of the adoption proceedings has complied with the decree.

A well recognized rule of statutory construction is: "A statute must be construed with reference to the whole system of which it forms a part." *McDougald v. Dougherty,* 14 Ga. 674 (5). See *Cook v. Wier,* 185 Ga. 418, 421 (195 SE 740); *Lucas v. Smith,* 201 Ga. 834, 837 (41 SE2d 527). The act of 1950 forms a part of the system of laws relative to the relation of parent and child. It is a new expression of the old principle that a father who wilfully fails to support his minor child forfeits his parental rights, an incident of which is the authority to object to the adoption of the child by another. The principle finds expression in *Code* § 74-108 (3) that parental power shall be lost by "failure of the father to provide necessaries for his child, or his abandonment of his family."

The statutes relating to the binding of a minor child by articles

of indenture of apprenticeship is a part of the same system of laws governing the relationship of father and child, and the father by failure to support his minor child may forfeit the right to object to him being bound to another by such articles. This court held in *Wigley v. Mobley,* 101 Ga. 124 (1) (28 SE 640): "Even though during the period of a temporary separation between a husband and his wife and children he may have failed to provide necessaries for them, yet where, after the parents had become reconciled and the father had resumed his parental control of the children, the mother without his knowledge or consent executed an indenture of apprenticeship binding one of the children to another, this instrument was, as to the father, a mere nullity, and, in a controversy for the custody of such child between the person to whom it was thus bound and the father, afforded no reason for depriving the latter of such custody." In the *Wigley* case the forfeiture of parental rights because of the father's failure to support the minor child was held not to be an irrevocable penalty, but one that attached and continued operative only while the wilful delinquency of the father in respect to furnishing the child with "necessaries" continued. The case did not deal with a situation where the father's default continued until the relationship of parent and child was permanently severed by the adoption of the child by another. Neither is that situation shown by the record to exist in the present case.

All statutes should be given logical meaning and effect, unless a contrary legislative intent plainly and unequivocally appears from the statute or facts connected with its enactment as shown by the journals of the house in which it originated. *Lombard v. Trustees,* 73 Ga. 322, 323 (a); *Odum v. Macon &c. R. Co.,* 118 Ga. 792, 794 (45 SE 619); *Georgia R. & Bkg. Co. v. Wright,* 124 Ga. 596, 626 (53 SE 251). Here, there is nothing compelling to require a different interpretation of the act of 1950 than that which will be reasonable and in keeping with the established principles relative to the construction of statutes. This court held in *Blalock v. State,* 166 Ga. 465, 470 (143 SE 426): "In the interpretation of a statute the courts must look diligently for the intention of the General Assembly. Penal Code § 1. This is the cardinal rule in the construction of statutes, and the intention when ascertained must be carried into effect. *Erwin v. Moore,* 15

Ga. 361. The construction must square with common sense and sound reasoning."

The statute here construed imposes a harsh and severe penalty upon the father not abiding by and obeying the mandate of a decree or order previously entered requiring him to pay a designated amount periodically for the support of his minor children. The penalty is to take from his bosom his own children, blood of his blood and bone of his bone, and without his consent give them to another. Our laws abhor penalties and forfeitures, *Renfroe v. Colquitt,* 74 Ga. 618, and *Roby v. Newton,* 121 Ga. 679 (49 SE 694, 68 LRA 601), and a law imposing a penalty must be strictly construed. *Polk v. Thomason,* 130 Ga. 542, 545 (61 SE 123); *Southern Cotton Oil Co. v. Raines,* 171 Ga. 154, 158 (155 SE 484). As held in *Renfroe v. Colquitt,* 74 Ga. 618 (2a): "Forfeitures are not favored, and courts incline against them. When a statute may be construed so as to give a penalty, and also so as to withhold the penalty, it will be given the latter construction."

The provision of the act of 1950 which alludes to "twelve months or longer" transpiring subsequently to the entry or order requiring the father to pay a specified sum for the support of the children can "in the light of reason" be construed to mean twelve months immediately preceding the filing of the proceeding to adopt the minor child. The case of *Wigley v. Mobley,* 101 Ga. 124, supra, is precedent for such construction, and ·we are content to follow its ruling.

2. The application of the act of 1950 as construed in the preceding headnote must be as fair and practical as its interpretation. The record shows that for some twenty months subsequent to the entry of the decree of Fulton Superior Court Sale failed to pay the amount for the support of his minor children in conformity with the decree or, for that matter, at all. The evidence adduced upon the trial of the adoption case authorized the trial judge to conclude the failure was wilful. But, for a period of two months transpiring immediately prior to the filing of the adoption proceedings he made periodic payments in exact compliance with the mandate of the decree. During that period he paid $120 per month. Thus, as did the father in the *Wigley* case, 101 Ga. 124, supra, he responded to his parental responsibility and did obey the decree. Consequently, it was error to hold his consent to the adoption of the children was unnecessary.

*Judgment reversed. All the Justices concur.*
ARGUED APRIL 8, 1963—DECIDED MAY 9, 1963.

*Lokey & Bowden, Henry M. Bowden,* for plaintiff in error.
*Sam F. Lowe, Jr., Emory S. Mabry,* contra.