37651. MIELE v. GREGORY et al.

PER CURIAM.

Appellant, Louis Paul Miele, filed a petition for writ of habeas corpus in Wilcox County, Georgia, seeking the return of his minor child who was in the custody of the child's maternal great aunt and great uncle.

Appellant is the only living parent of the child, the mother having died in October of 1979. Appellees, Gladys and Wendell Gregory, aunt and uncle of the child's mother, claim appellant is not entitled to the custody of his child because he has forfeited his parental rights of custody and control by failing to provide necessaries for the child and by abandoning the child. See Code Ann. § 74-108 (a) (3).

The trial court, after a hearing, determined it had been shown by a preponderance of the evidence that appellant had abandoned the child and the court awarded custody to appellees. Appellant appeals. We have appellate jurisdiction of this case. *Bryant v. Wigley,* 246 Ga. 155 (269 SE2d 418) (1980).

(1) Appellant contends the trial court erroneously admitted certain documents from the State of California, where appellant had previously resided. The only objection made to the admission of the documents at the time they were offered was that they were not timely offered. The trial court did not err in admitting the documents over that objection, and we will not now consider other bases of objection not made at trial.

(2) A surviving parent is prima facie entitled to custody of his or her child. Parental right to custody may be lost in a habeas proceeding if one of the conditions specified in Code Ann. §§ 74-108,

74-109, or 74-110 is found to exist, or if the parent is found to be unfit. *Mathis v. Nicholson,* 244 Ga. 106 (259 SE2d 55) (1979). If and only if the habeas court determines from the evidence that the surviving parent has lost his right to custody on one of the foregoing grounds,[1] does it have the power to award custody of the child to third parties.[2] Code Ann. §§ 50-121, 74-106; *White v Bryan,* 236 Ga. 349 (223 SE2d 710) (1976).

Abandonment is a statutory ground for the forfeiture of the parental right to custody and control of a minor child. Code Ann. § 74-108 (a) (3). The trial court in this case read *Shaddrix v. Womack,* 231 Ga. 628 (2) (203 SE2d 225) (1974), as suggesting that while unfitness must be shown by "substantial and convincing" evidence, abandonment may be established by a preponderance of the evidence. The *Shaddrix* opinion contains the following language: "It follows that the mother as the sole surviving parent of the minor children could not be denied custody of them in a habeas corpus proceeding against a third party unless it was shown that her parental power was lost under the provisions of Code §§ 74-108, 74-109, and 74-110; unless she was shown by substantial and convincing evidence to be an unfit person for their custody and control." Id. at 630. Since only unfitness was linked to "substantial and convincing," the trial court concluded the statutory grounds need only be shown by a preponderance of the evidence.

We cannot agree that *Shaddrix* suggests such a rule. One of the statutory grounds for the loss of parental power is a "Voluntary contract, releasing the right to a third person." Code Ann. § 74-108 (a) (1). In Division (3) of the *Shaddrix* opinion, we stated: "It is well established that the terms of such a gift or contract must be definite and unambiguous and must be established by clear and satisfactory proof."

Furthermore, we have positively held that abandonment must be shown by more than a preponderance of the evidence: "When the mother of the child is dead, the father has the prima facie right of custody, and in order to sustain the contention that he lost the parental power by reason of failure to provide necessaries for his child or by abandonment of his family, a clear and strong case must be made." *Roebuck v. Calhoun,* 201 Ga. 496 (40 SE2d 142) (1946). In a

---

[1] This loss of the right to parental custody and control is to be distinguished from a termination of the parent-child relationship. Code Ann. § 24A-301 (a) (2) (C); *Dein v. Mossman,* 244 Ga. 866 (1) (262 SE2d 83) (1979).

[2] We point out that a habeas court is authorized by Code Ann. § 24A-302 (b) to transfer the question of child custody to the juvenile court for investigation and determination.

more recent case we said, "where such a third party sues to obtain child custody from a parent, the test is not simply the 'best interests' or 'welfare' of the child because the parents are being deprived of custody of their child. In such cases, a parent is entitled to be awarded custody by the trial court unless it is shown by clear and convincing evidence that such parent is unfit *or otherwise not entitled to custody under the laws.*" (Emphasis supplied.) *Gazaway v. Brackett,* 241 Ga. 127, 129 (244 SE2d 238) (1978). Accord, *Brown v. Newsome,* 192 Ga 43 (2) (14 SE2d 470) (1941); *Sloan v. Jones,* 130 Ga. 836 (62 SE 21) (1908); *Miller v. Wallace,* 76 Ga. 479 (1886).

The various expressions used to describe the standard ("clear and strong," "clear and satisfactory," "substantial and convincing," and "clear and convincing") mean the same thing. McCormick on Evidence, § 340, p. 796 (2d Ed. 1972). We hold that where a surviving parent sues to obtain custody of his or her minor child from a third party who has physical, but not legal, custody of the child, the parent is entitled to custody unless it is shown by clear and convincing evidence that the parent has lost his right to parental custody and control by abandonment of the child or other legal ground. The trial court erred in using a preponderance of the evidence standard to evaluate the evidence of abandonment.

(3) Appellant contends the trial court erred in considering reports from the Fulton and Wilcox County Departments of Family and Children Services as evidence in deciding the case. The Fulton report contained an evaluation of the Miele home; the Wilcox report contained an evaluation of the Gregory home. Both reports were favorable and both homes were recommended as suitable for the child. The reports were made available to both parties. The author of the Fulton report testified at the custody hearing.

It is error for a trial court to consider a report from a county Department of Family and Children Services to decide child custody, *Camp v. Camp,* 213 Ga. 65 (1) (97 SE2d 125) (1957), in the absence of a stipulation by both parties that the court may do so, *Dein v. Mossman,* supra, Fn. 1, 244 Ga. at 870, unless the provisions of Code Ann. § 74-113 apply. Compare Code Ann. § 24A-302 (b); *Anderson v. Anderson,* 238 Ga. 631 (235 SE2d 11) (1977).

In this case, appellant objected to the consideration of the reports by the court. The court erred in considering them. Since our holding in Division (2) of this opinion requires reversal of this case we need not decide whether the error was harmless. See, *In the Interest of M. A. C.,* 244 Ga. 645 (4) (261 SE2d 590) (1979).

*Judgment reversed and case remanded for further proceedings not inconsistent with this opinion. Jordan, C. J., Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Malcolm F. Bryant, Jr.,* for appellant.
*Harry L. Capadano, William Jonathan Murray,* for appellees.