68046. SIMS v. SIMS et al.

SOGNIER, Judge.

Appellant Phyllis Gail Sims filed a petition for divorce against appellee Wayne Mack Sims and sought custody of the two minor children of the parties. Appellee Ruby Sims, the mother of Wayne Sims, filed a petition to intervene as a third party seeking custody only of the parties' minor son, David, to which Wayne Sims acquiesced. After a hearing the trial judge granted the divorce and awarded custody of David to Ruby Sims, ruling that appellant had lost her right to parental custody and control pursuant to OCGA § 19-7-1 (b) (3) by abandoning her child. We granted discretionary appeal from the judgment awarding custody and reverse.

The evidence showed that appellant and Wayne Sims experienced marital difficulties after David was born. When David was six to 12 months old appellant asked Ruby Sims to care for him while she went to Texas to try to work out her emotional problems. During this period appellant's mother took care of appellant's young daughter, who was not Wayne Sims' natural child, but had been adopted by him. Appellant also suffered from health problems which kept her from working at times; during such time she was unable physically or financially to care for both children. During her five-month stay in Texas appellant had sporadic contacts with David and provided no support, but she did write and telephone on occasion in order to maintain her relationship with him. Appellant returned to Georgia and was reconciled with Wayne and the children, but after two subsequent separations, Ruby Sims petitioned for and was granted tempo-

rary custody of David by the Juvenile Court of Clarke County. David remained with his grandmother continuously from the time he was four years old, and at the time of the hearing was in the second grade. Appellant saw David regularly during the year preceding the divorce and testified that although she provided no regular support, she bought him clothes and gave him money when they were together. Appellant's landlords, current employers, friends and relatives testified that since the final separation from Wayne appellant had worked steadily, provided a clean home and good meals for her daughter, had resolved her emotional problems, was in good health, loved and wanted to care for her children. Her sister stated that appellant had "changed in the last year and a half — entirely."

The court determined that appellant's "continuing pattern" of leaving David without making proper arrangements for his care "whenever she took a notion to take off and leave shows by clear and convincing evidence that she has abandoned said child, though in recent times she has shown some interest in visiting the child. The court finds that [appellant's] conduct in leaving and abandoning DAVID WAYNE SIMS at the critical times of development in his life shows a settled purpose to forego all of her parental rights and claims at such times and constitutes an abandonment by her of said child within the meaning of O.C.G.A. Section 19-7-1 (b) (3), and accordingly, [appellant] has lost her right to parental custody and control of said child." The court awarded permanent custody of David to Ruby Sims with certain visitation rights to appellant.

"In a determination of the initial award of permanent custody of a minor child to either of the child's natural parents, the trial court is authorized to exercise its discretion based upon the 'best interests of the child.' [Cits.] 'However, where a third party sues the custodial parent to obtain [permanent] custody of a child and to terminate the parent's custodial rights in the child, we have required a stricter standard. In such a case, the parent is entitled to custody of the child unless the third party shows by "clear and convincing evidence" that the parent is unfit or otherwise not entitled to custody under [OCGA §§ 19-7-1 and 19-7-4].' *Blackburn v. Blackburn,* 249 Ga. 689, 692 (292 SE2d 821) (1982). The appropriate standard of appellate review in a case of this sort is ' "whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." ' *Blackburn v. Blackburn,* supra at 694. ". . . 'In order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, as far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims.' [Cits.]" *In re J. C. P.,* 167 Ga. App. 572, 573 (307 SE2d

1) (1983).

We find no showing of an actual desertion, nor of any intention to sever entirely the parental relation on the part of appellant. Rather, it appears that the families of both parents cooperated without objection to take care of the child until such time as appellant regained her physical and mental health. In the year and a half since she rehabilitated herself she has shown herself to be a fit and loving mother, without any intention to permanently relinquish her parental custody and control. " 'Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship.' [Cit.] We fail to find such circumstances in the case sub judice. [Cits.]" *In re J. C. P.*, supra at 574.

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 25, 1984.

*Curtis W. Miller*, for appellant.
*R. Thomas Jarrard*, for appellees.