72013. IN RE B. D. C.
(348 SE2d 548)

BENHAM, Judge.

The surviving parent of a five-year-old child brings this appeal from a Gwinnett Juvenile Court order granting temporary custody of his child to its maternal grandparents. Appellant contends the court erred in several particulars: (1) denying his custody request; (2) finding abandonment; and (3) terminating his parental rights.

As to the issue of custody, we begin our review of the facts with several principles that are firmly fixed in the law of this state. "Upon the death of either parent, the survivor is entitled to custody of the child; provided, however, that the court, upon petition, may exercise discretion as to the custody of the child, looking solely to the child's interest and welfare." OCGA § 19-9-2. "[W]here a surviving parent sues to obtain custody of his or her minor child from a third party who has physical, but not legal, custody of the child, the parent is entitled to custody unless it is shown by clear and convincing evidence that the parent has lost his right to parental custody and control by abandonment of the child or other legal ground." *Miele v. Gregory*, 248 Ga. 93, 95 (281 SE2d 565) (1981). Here, the petition was brought by the maternal grandparents. However, the logic of *Miele* convinces us that the proof requirements should be no less when the petition is brought by a third party.

B. D. C. was born on August 24, 1980, while his parents, C. E. C. and W. J. C., were separated but not divorced. In the subsequent divorce, the mother was awarded custody of the child, and appellant was ordered to pay child support of $200 per month. The child has always lived with his maternal grandparents, H. H. and A. H., who have provided for clothing, food, shelter, and health needs. During the five-year period, appellant visited the child only once. This failure to visit was due in part to disputes with the maternal grandparents. Nevertheless, there is undisputed evidence that appellant failed to provide support during the years 1982, 1983, and 1984. During early 1985, garnishment proceedings were instituted against appellant for a child support arrearage. By agreement, the father paid a substantial portion of the arrearage and the remainder was to be paid in monthly installments over a specified period, beginning in August 1985. The mother died on August 3, 1985, and this petition for temporary custody was brought immediately thereafter by the maternal grandparents. At that time, appellant was still several thousand dollars in arrears in child support.

The standard by which we must measure appellant's conduct is one of "clear and convincing" evidence. *Miele v. Gregory*, supra. It is in light of this requirement that we compare appellant's conduct with the dictates of OCGA § 19-7-1 (b) (3), which states that parental power can be lost by "[f]ailure to provide necessaries for the child or abandonment of the child." In *Sims v. Sims*, 171 Ga. App. 99, 100 (318 SE2d 805) (1984), we found that "[i]n order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, as far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims. [Cits.]" While it is abundantly clear that during 1982, 1983, and 1984, the father completely failed to support the child, the evidence is not clear and convincing that he abandoned the child in 1985, the year in which the petition was filed. Quite the contrary, he paid $4,000 in support less than one month before the petition was filed. Since abandonment or a failure to provide necessities must be found as of the time the petition is filed, the evidence was insufficient to find abandonment or failure to provide necessities based on the record before us. *Sale v. Leachman*, 218 Ga. 834 (131 SE2d 185) (1963). Accordingly, the trial court's award of custody to appellees must be reversed.

Contrary to appellant's third enumeration of error, the trial court's order did not terminate appellant's parental rights. That being so, the third enumeration of error need not be addressed.

*Judgment reversed. Banke, C. J., Deen, P. J., Birdsong, P. J., Carley, and Sognier, JJ., concur. McMurray, P. J., Pope and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The petitioning grandparent, who did not file a brief on appeal, has filed a motion for rehearing which I would grant. I am persuaded that the trial court did not abuse the discretion vested in it by OCGA § 19-9-2 when it granted temporary custody of the now nearly six-year-old grandson to the grandparents with whom he has lived all of his life.

The trial court expressly applied the "clear and convincing evidence" test in determining that the respondent father had abandoned his child. This conclusion of abandonment was the statutory basis for retaining custody in the grandparents. OCGA § 19-7-1 (b) (3).

At the hearing, the court heard from and observed both the petitioner and the respondent father. On the issue of abandonment, the court took into account the following circumstances which it found to be fact: "[The father] has denied that the child was in fact his. He has referred to the child as 'that boy,' never by name. He did not visit the child and mother at the hospital at the time of the child's birth. During questioning regarding failure to send birthday gifts, he responded that he 'didn't know his birthday.' Although he has an income of some $40,000 per year, the father contributed nothing to the child's support for a period of at least three years or more and has only recently made payments when forced by the court to do so. He has not visited the child nor attempted to visit the child for three years or more. The child has received no gifts or greeting cards, no telephone or other communication from him. The father has made no inquiries concerning the child and has shown no interest in his growth and development. The Court finds no indication of any intent on the part of the father to acknowledge the child, claim the child as his, or show any interest in the welfare, progress or even the existence of the child. There is no evidence of any inclination to act as a parent, but on the contrary, obvious effort to forego all parental duties and claims."

The majority does not challenge any of these findings but instead focuses exclusively on the father's payment of $4,000 child support shortly before the petition was filed by the grandmother. This fact, it concludes, negates a conclusion of abandonment. Forced payment of a portion of long-overdue, court-ordered child support, compelled by garnishment, surely does not change the history and record of utter forsaking of this child. It was even more than abandonment, which connotes initial support; it was rejection from the outset. Respondent turned his back and did not reverse his position of renouncement when the law, giving him no choice, finally exacted some money from his earnings. I would not construe this involuntary type of providing, prompted by the law's summary command to his employer, as evidence contradicting the abandonment which otherwise was abun-

dantly manifested.

*Sale v. Leachman,* 218 Ga. 834 (131 SE2d 185) (1963) is inapposite. It involved an adoption petition, a much more severe adjustment of the parent/child relationship. The adoption was objected to by the natural father, who had voluntarily begun to make the twice-monthly support payments required in the divorce decree. The issue was the construction of a provision of the law which has since been substantially changed. See OCGA §§ 19-8-3 and 19-8-6 (b) (2).

The evidence supports the court's findings. We must accept that and construe it to uphold rather than to destroy them and the judgment. *Hamrick v. Seward,* 126 Ga. App. 5, 7 (1) (189 SE2d 882) (1972). The court, having taken all of the relevant circumstances into account and concluding that the father had abandoned the child, did not in my opinion abuse its discretion in awarding temporary custody to the grandparents who theretofore had nurtured and cared for the child from his birth. Instead, the court clearly performed its statutory function in conformity with the mandate to "[look] solely to the child's interest and welfare." OCGA § 19-9-2.

DECIDED JULY 8, 1986 —
REHEARING DENIED JULY 31, 1986

*Donn M. Peevy,* for appellant.
*Bryant Huff,* for appellee.