73001. IN THE INTEREST OF S. H.
(352 SE2d 621)

POPE, Judge.

This is an appeal by the natural father of a minor child challenging the juvenile court's award of custody to third parties. Ronald Hatem, appellant, was the second of three men to whom Melinda Thompson, the natural mother, was married before her death of cancer. While married to appellant, Melinda Thompson gave birth to S. H., the minor child who is the subject of this appeal. The mother divorced appellant and married her third husband, Johnny Thompson. During the last stages of the mother's illness, she separated from her third husband, taking the minor child with her, in order to live with her third husband's brother and sister-in-law, appellees herein. Appellees cared for both the mother and the minor child until the mother died. Subsequently, appellees petitioned the juvenile court for custody of S. H. alleging deprivation and abandonment of the child by appellant. They were awarded temporary and later permanent custody.

From the conflicting evidence presented at trial, the juvenile court found, inter alia, that appellant testified that he had neither seen nor supported S. H. for some three to four years and that the mother had requested that he not contact or support the child. The third husband of the mother testified that requests for support had been made by the mother and that he had borrowed money to support the child. Also, the court found that appellant was aware of the mother's death but made no effort to see about the child until telephoned by the grandmother. The court concluded that appellant "was without a reasonable excuse for not supporting [S. H.] and his failure to provide necessaries for said child after the same had been re-

quested." *Held*:

This case is controlled by the recent decision of *In re B. D. C.*, 256 Ga. 511 (350 SE2d 444) (1986), from which we quote at length: "While a surviving parent is prima facie entitled to custody of his or her child, parental right to custody may be lost if one of the conditions specified in OCGA §§ 19-7-1 or 19-7-4 is found to exist, or if the parent is found to be unfit. *Miele v. Gregory*, 248 Ga. 93 (2) (281 SE2d 565) (1981). OCGA § 19-7-1 (b) (3) provides parental power may be lost by failure to provide necessaries for the child or abandonment of the child. But for a third party to prevail in obtaining custody in a contest with the surviving parent, clear and convincing evidence that the parent has lost the right to parental custody and control by abandonment or some other legal ground must be presented. *Miele v. Gregory*, supra at 95. . . .

" 'In order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, as far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims.' *Sims v. Sims*, 171 Ga. App. 99, 100 (318 SE2d 805) (1984); *In re J. C. P.*, 167 Ga. App. 572, 573 (307 SE2d 1) (1983). Whether evidence was sufficient to establish abandonment is a question for the trier of fact, and the appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee[s], any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. *Sims v. Sims*, supra, citing *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982). . . .

"The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test of *Blackburn*, is not met. When we apply that test here we note the conflicting evidence presented to the trial court and conclude that a rational factfinder could have found by clear and convincing evidence that [appellant] father abandoned [S. H.]" *In re B. D. C.*, supra at 512-513.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 5, 1987.

*Ken W. Smith*, for appellant.
*William T. Turner*, for appellee.