DECIDED JANUARY 23, 1987.

*J. Kirk Quillian, Donald W. Janney*, for appellant.
*John R. Strother, Jr., Beryl H. Weiner, James S. S. Howell*, for appellee.

## 71320. BUTLER v. THE STATE.
(353 SE2d 855)

BANKE, Presiding Judge.

It appearing that the prior decision of this court in this case, see *Butler v. State*, 178 Ga. App. 110 (342 SE2d 338) (1986), has been reversed by the Georgia Supreme Court, see *State v. Butler*, 256 Ga. 448 (349 SE2d 684) (1986), said prior decision is vacated, and, in accordance with the judgment of the Supreme Court, the judgment of the trial court is hereby affirmed.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, Benham, and Beasley, JJ., concur.*

DECIDED JANUARY 23, 1987.

*Thomas C. Sanders*, for appellant.
*William A. Foster III, District Attorney, Penny J. Udolf, Christine C. Daniel, Assistant District Attorneys*, for appellee.

## 72013. IN RE B. D. C.
(353 SE2d 855)

BENHAM, Judge.

This court having entered on July 8, 1986, a judgment in the above-styled case (180 Ga. App. 87 (348 SE2d 548) (1986)), reversing the judgment of the trial court; and the judgment of this court having been reversed by the Supreme Court at 256 Ga. 511 (350 SE2d 444) (1986), the judgment heretofore rendered by this court is vacated, and the judgment of the Supreme Court is made the judgment of this court.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur.*

DECIDED JANUARY 23, 1987.

*Donn M. Peevy*, for appellant.
*Bryant Huff*, for appellee.

## 73151. PARKER v. THE STATE.
### (353 SE2d 83)

BEASLEY, Judge.

Convicted of arson in the first degree (OCGA § 16-7-60), defendant appeals.

1. The first enumeration of error addresses the failure to direct a verdict of acquittal which raises the sufficiency of the evidence.

" ' "Three things are necessary to sustain a conviction for arson: that the real property alleged in the indictment was in fact burned, that its cause was a criminal agency, and that the defendant was that criminal agency." ' " *Bragg v. State*, 175 Ga. App. 640, 641 (1) (334 SE2d 184) (1985). Accord *Campbell v. State*, 169 Ga. App. 112, 114 (312 SE2d 136) (1983).

Defendant concedes the presence of the first element but contends the state failed to prove the other two. Fires are presumed to be the result of accidental or providential cause and the burden is on the state to prove the particular fire was of incendiary origin. *Lockhart v. State*, 76 Ga. App. 289, 293 (1) (45 SE2d 698) (1947); *Wade v. State*, 195 Ga. 870, 875 (2) (25 SE2d 712) (1943). However, following conviction and approval of the verdict by the trial court, the evidence is construed favorably to the verdict. *Powell v. State*, 171 Ga. App. 876, 877 (321 SE2d 745) (1984).

Here two fires occurred in the stockroom of the back of a grocery store after the assistant store manager refused to cash a check tendered by defendant's wife. One was behind some pallets in the stockroom and one was in a trash can some distance away in the produce stock area. An arson investigator testifying as an expert witness opined that there were "two separate set fires," and he related the basis for his opinion. This was sufficient to create an issue for the jury.

Although circumstantial, the evidence was also sufficient to identify the defendant as the perpetrator. One of the store employees saw defendant behind the pallets where within a few minutes one of the fires was discovered. Defendant told the employee he was looking for dog food but when informed it was at the front of the store, walked the other way. The assistant store manager saw defendant coming out the doors of the produce stockroom. No one else was seen in the area near the time of the fires. Defendant was arrested by police sum-