**ANDREA S., Appellant,**

v.

**DAVID R., Appellee.**

**No. S–11570.**

Supreme Court of Alaska.

July 8, 2005.

---

Justin R. Eschbacher, Law Office of G.R. Eschbacher, Anchorage, for Appellant.

No brief filed by Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

After Andrea S. and David R. divorced,[1] David was granted physical and legal custody of four of the couple's five children. Andrea moved to modify this custody arrangement and sought custody of these four children based on allegations, substantiated by the Office of Children's Services (OCS), that two of the children, both under age fifteen, had sexual intercourse with each other. The superior court denied the motion, denied a subsequent motion for reconsideration, and issued an order requiring David to carry out all OCS recommendations with respect to the

---

**1.** Pseudonyms have been used to protect the identity of family members.

children, including a recommendation that the two children who had sex not live under the same roof. Andrea raises three issues on appeal, all related to whether the superior court acted properly in issuing its orders without an evidentiary hearing and without making the findings necessary to transfer physical custody of a child to someone who is not the child's parent. These are legal issues that we review de novo.[2]

 Andrea contends that the superior court's order effectively modifies the original custody decree, and that the superior court erred by failing to hold a hearing. We agree. An evidentiary hearing is required whenever a custody decree is modified over the objection of one parent,[3] and this is what happened here. The original decree granted David physical custody of the four youngest children. The order on appeal was a modification of this order, in that it requires David to carry out OCS's recommendations, and these recommendations in turn require that the two children involved in the sex incident not reside under the same roof. David has complied with this recommendation by moving one of the children, Cathy, in with the child's maternal uncle. Since "physical custody" means "[t]he right to have the child live with the person awarded custody by the court,"[4] and since the court's order withdraws this right as to at least one of the children, the order has modified the original grant of physical custody to David. As the superior court acknowledged, "neither parent at present has physical custody" of Cathy.

David argued in the superior court that there has been no real modification of physical custody because the move to the uncle's house is only temporary. It may be that no hearing is required when a court orders a parent to surrender physical custody on an emergency basis, until additional proceedings can be had; in such cases it is possible that the non-custodial parent's right to have a say in who cares for the child over such a short period should be trumped by exigent circumstances. But that is not this case. The superior court's order does not purport to be temporary in this way; in fact, the OCS recommendations endorsed by the superior court say they apply "indefinitely." In these circumstances, Andrea should have been provided with a hearing before such an order was entered, so as to give her a chance to be heard on why a different custody arrangement should be preferred over whatever "indefinite" period the child is ordered to live outside David's home. We will therefore remand the case to the superior court so that it may conduct such a hearing.

 Andrea also argues that the superior court erred in that it did not make the findings that are required before a child is put in the custody of someone who is not the child's parent. We agree. The rule is that the court cannot grant custody of children to non-parents unless there is "clear and convincing evidence" that "the parent is unfit for the trust" of the child, or that the "welfare of the child requires it to be in custody" of the non-parent.[5] This rule applies in cases where physical custody is awarded to a non-parent, even though at least one parent retains legal custody.[6] Since the superior court's order approves an arrangement whereby the uncle (or another person selected by David) exercises physical custody of Cathy, Andrea is entitled to know why she has not been granted physical custody instead, and specifically to know whether there is clear and convincing evidence either that

**2.** See *C.R.B. v. C.C.,* 959 P.2d 375, 378 (Alaska 1998) (whether there should have been a hearing on a custody motion is a question of law), *overruled on other grounds by Evans v. McTaggart,* 88 P.3d 1078, 1085 (Alaska 2004).

**3.** *Hernandez v. Freeman,* 938 P.2d 1017, 1018 (Alaska 1997).

**4.** BLACK'S LAW DICTIONARY 390 (7th ed.1999).

**5.** *Evans,* 88 P.3d at 1083, 1085 (internal quotation marks omitted).

**6.** See *Miele v. Gregory,* 248 Ga. 93, 281 S.E.2d 565, 567 (1981) ("[W]here a surviving parent sues to obtain custody of his or her minor child from a third party who has physical, but not legal, custody of the child, the parent is entitled to custody unless it is shown by clear and convincing evidence that the parent has lost his right to parental custody and control by abandonment of the child or other legal ground.").

she is unfit for Cathy's trust or that Cathy's welfare requires her to be in the custody of the uncle or some other non-parent. On remand, the superior court should determine whether these requirements have been met before approving placement of Cathy outside one of the parents' homes.

■ The final issue is whether the superior court should have held a hearing before it determined that custody arrangements should not be modified with respect to the three children remaining in David's home. We conclude that the superior court also erred on this point. Andrea's modification motion sought physical and legal custody not just of Cathy, but of the two youngest boys living with David. Andrea also sought legal custody of the eldest boy (the one who had sex with Cathy), but proposed that he remain in David's home pending possible in-patient counseling. The superior court denied this motion without a hearing and left David with physical and legal custody of all three boys.

■ The rule is that there must be an evidentiary hearing before a motion for modification of custody is denied, except in cases where the movant has failed to carry her burden of identifying at least a genuine factual dispute as to the existence of a change in circumstances.[7] Here, the superior court acknowledged that the sex incident between Cathy and her brother constituted a change in circumstances, but denied the motion without a hearing. The superior court should have given Andrea an opportunity to show that "the changed circumstances, considered in conjunction with other relevant facts bearing upon the [children's] best interests, warrant modification of the custody decree."[8]

On remand, the superior court is not required to hear evidence on incidents that were aired in the original divorce and custody proceedings. Until the superior court issues its decision on remand, it may leave the existing custody arrangement undisturbed.

For the foregoing reasons, the superior court's orders of May 19, 2004, and June 29, 2004, are VACATED. The case is REMANDED for further proceedings.

---

7. *Maxwell v. Maxwell*, 37 P.3d 424, 426 (Alaska 2001) ("Once the movant meets [the] threshold burden [of making prima facie showing of a substantial change of circumstances] ... she is entitled 'to a hearing to consider whether, in light of such changed circumstances, it is in the child's best interest to alter the existing custodial arrangement.' ").

8. *Lee v. Cox*, 790 P.2d 1359, 1361 (Alaska 1990). *See also* AS 25.20.110(a) ("An award of custody of a child or visitation with the child may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child.").